LOWER COAST TRANSP. CO. v. GULF REFINING CO. OF LOUISIANA.†

(Circuit Court of Appeals, Fifth Circuit. February 3, 1914.)

No. 2471.

MARITIME LIENS (§ 25*)—LIEN FOR SUPPLIES FURNISHED.

Under Act June 23, 1910, c. 373, 36 Stat. 604 (U. S. Comp. St. Supp. 1911, p. 1192), one furnishing fuel to a vessel in a foreign port, under contract with a corporation operating the vessel on joint account of itself and the owner, is entitled to a maritime lien therefor, and it is immaterial that the bills were not made out to the vessel.

[Ed. Note.—For other cases, see Maritime Liens, Cent. Dig. §§ 20, 31–36; Dec. Dig. § 25.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

† Rehearing denied March 3, 1914.

Appeal from the District Court of the United States for the Eastern District of Louisiana.

Intervening libel by the Gulf Refining Company of Louisiana against the Lower Coast Transportation Company, as owner of the vessel Grover Cleveland. Decree for intervener, and respondent appeals. Affirmed.

John D. Grace, of New Orleans, La., for appellant.

J. L. Warren Woodville and John A. Woodville, both of New Orleans, La., for appellee.

Before PARDEE and SHELBY, Circuit Judges, and BURNS, District Judge.

PER CURIAM. The case shows that the Grover Cleveland was owned by the Lower Coast Transportation Company, a corporation created under the laws of Mississippi and domiciled at Bay St. Louis in that state, and that that corporation entered into a combination or partnership with the owners of the El Rito, by which the two vessels, the Grover Cleveland and El Rito, were to be operated by a corporation known as the Lower Coast Merchants' & Growers' Transportation Company, the earnings to be divided between the three corporations; and under this arrangement the Grover Cleveland was turned over to and was operated by the Lower Coast Merchants' & Growers' Transportation Company, which company contracted with the Gulf Refining Company of Louisiana for necessary fuel oil to operate the Grover Cleveland, and the oil furnished under this contract is the basis of the intervening libel of the Gulf Refining Company.

The District Court found that the Gulf Refining Company had a lien on the Grover Cleveland for the fuel thus furnished; and in this we concur. The fact that bills were made out to other parties connected with the management of the boat does not destroy the maritime lien for supplies furnished in a foreign port. And see chapter 373, 36 Stat. 604. Affirmed.