**FARRELL OCEAN SERVICES, INC.,**
**Plaintiff, Appellant,**

v.

**UNITED STATES of America,**
**Defendant, Appellee.**

**No. 81–1751.**

United States Court of Appeals,
First Circuit.

Argued April 5, 1982.

Decided June 23, 1982.

Thomas J. Muzyka, with whom Glynn & Dempsey, Boston, Mass., was on brief, for plaintiff, appellant.

Barbara B. O'Malley, Sp. Litigation Counsel, U. S. Dept. of Justice, Washington, D. C., with whom William F. Weld, U. S. Atty., Boston, Mass., and J. Paul McGrath, Asst. Atty. Gen., Washington, D. C., were on brief, for defendant, appellee.

Before COFFIN, Chief Judge, FAIRCHILD,* Senior Circuit Judge, CAMPBELL, Circuit Judge.

COFFIN, Chief Judge.

The two questions posed by this appeal are whether appellant had a maritime lien on certain Navy vessels and, if such a right existed, whether appellant had waived that right.

* Of the Seventh Circuit, sitting by designation.

In 1976 appellee, the United States, contracted with Bromfield Corporation for the repair of four Navy vessels. Bromfield in turn subcontracted with appellant, Farrell Ocean Services, Inc., to transport the vessels from Norfolk, Virginia, to Boston where they were to be repaired. The vessels were loaded on a barge and towed to Boston, and appellant submitted to Bromfield its invoice for $29,340 for the services provided. After receiving only $5,000 of the amount due from Bromfield, appellant brought an action in rem against appellee on the theory that it had a maritime lien on the vessels it had transported. The district court, 524 F.Supp. 211, found that although appellant had provided a service that ordinarily gave rise to a maritime lien, appellant had waived the lien.

This case is governed by the federal Maritime Lien Act, 46 U.S.C. § 971 *et seq.*, which states in relevant part that "Any person furnishing repairs, supplies, *towage*, use of dry dock or marine railway, or *other necessaries*, to any vessel ... shall have a maritime lien on the vessel, which may be enforced by suit in rem." *Id.* § 971 (emphasis added). The Act also provides that a person entitled to a lien may waive it "at any time by agreement or otherwise." *Id.* § 974. Although the agreement between Bromfield and appellant made no mention of the obligation of the United States to pay should Bromfield not fulfill its contractual responsibility to cover the transportation costs, a lien will be enforceable if it meets the qualifying requirements of § 971 and is found not to have been waived under § 974.

■ We affirm the district court's finding that the transportation services provided by appellant fall within the category of "other necessaries" recognized by § 971 to be services for which a lien can attach. We have stated previously that the term "other necessaries" should be interpreted broadly in order to encourage the provision of services that will keep ships active and consequently have found it to apply whenever

the goods or services that were provided to the vessel were necessary for its continued operation. *Payne v. S. S. Tropic Breeze*, 423 F.2d 236, 241 (1st Cir.), *cert. denied*, 400 U.S. 964, 91 S.Ct. 363, 27 L.Ed.2d 383 (1970); *see Ajubita v. S. S. Peik*, 428 F.2d 1345, 1346 (5th Cir. 1970) (term includes expenditures that are not absolutely indispensable but are convenient or useful to vessel).

Under this standard, we find ample reason to believe that the transportation of the vessels to the site where they were to be repaired was a necessary service. Were they not transported, they could not be repaired as required by Bromfield's contract with the government, and without the repair, their operation would have been impaired. Our conclusion is further justified by the fact that the statute explicitly allows liens to be asserted for "towage". 46 U.S.C. § 971. The service rendered in this instance performed the same function as towing the vessels to the point of repair, and there is no reason to distinguish the susceptibility to a lien of vessels that are towed in for repair and those that are carried in on a barge.

Appellee argues that, because the vessels were being carried at the time in question, they should be viewed as cargo and should be subject only to a cargo lien—a lien that appellant lost when it surrendered possession of the vessels. Although the vessels were being treated as cargo, they maintained their identity as "vessels" susceptible to maritime liens: a qualifying "vessel" is one that is capable of use as a vessel even if not functioning as such at the moment in question. *See M/V Marifax v. McCrory*, 391 F.2d 909, 910 (5th Cir. 1968) (per curiam); 1 U.S.C. § 3. These four vessels certainly were fully capable of operating as vessels. As the Fifth Circuit noted in an analogous situation, a kangaroo is no less a kangaroo because it is carried for part of its existence in another kangaroo's pouch. *Wirth Ltd. v. S/S Acadia Forest*, 537 F.2d 1272, 1278 (5th Cir. 1976) (cargo-carrying barge transported by vessel is "ship" as defined by COGSA). Whether or not the vessels may also have been subject to a cargo lien as cargo, we find no reason to conclude that their alternative status as cargo should exempt them from a maritime lien to which they would otherwise be subject.

Proceeding to the issue of waiver, we recognize that the district court's finding that appellant had waived its lien is grounded largely in an analysis of the facts of the particular case and therefore is reversible only if clearly erroneous. Even given this deferential standard of review, however, we do not find sufficient evidence to support the district court's conclusion.

■ A party can waive a lien by "agreement or otherwise", 46 U.S.C. § 974, but a presumption exists that the service was supplied on the credit of the vessel. The party attacking the lien has the burden of overcoming that presumption by showing that the party rendering the service relied solely on personal credit. *Point Landing, Inc. v. Alabama Dry Dock & Shipbuilding Co.*, 261 F.2d 861, 867 (5th Cir. 1958); *see Marshall & Co. v. S. S. "President Arthur"*, 279 U.S. 564, 568, 49 S.Ct. 420, 421, 73 L.Ed. 846 (1929) (Maritime Lien Act relieved libellant from necessity of proving that credit was given to vessel); Harmon, *Discharge and Waiver of Maritime Liens*, 47 Tul.L. Rev. 786, 804 (1973).

■ Appellee points to certain facts to prove waiver: appellant's knowledge that Bromfield was operating on a cash-on-delivery basis when it signed the contract coupled with its failure to expressly retain the right to a lien to protect itself; appellant's failure to negotiate with the government as well as Bromfield about the terms of payment; appellant's submission of an invoice for the amount due solely to Bromfield; and its acceptance of partial payment from Bromfield. Appellee argues that all of these circumstances show that appellant was relying only on the credit of Bromfield and had waived its right to assert a lien against the government property to which it was furnishing the necessary services.

It is not enough, however, to show that the supplier relied in part on the credit of

the owner's agent or the owner. *See The Everosa*, 93 F.2d 732, 735 (1st Cir. 1937). The party entitled to the lien must have taken *affirmative* actions that manifest a clear intention to forego the lien. *See The Bronx*, 246 F. 809, 810 (2d Cir. 1917); *Nacirema Operating Co. v. S. S. Al Kulsum*, 407 F.Supp. 1222, 1226 (S.D.N.Y.1975). For example, in *Marshall & Co. v. S. S. "President Arthur"*, *supra*, the leading case in which waiver was found, the seller of coal to be used on the vessel doubted the financial reliability of the company to which he was selling. It insisted that payment be in the form of "trade acceptances"—promises of payment—personally endorsed by three individuals, and the resulting contract stated that there was "no outside condition, warranty, agreement, or understanding." 279 U.S. at 566–67, 49 S.Ct. at 420–421. The intent to rely on personal credit was clear.

The facts of this case do not evidence any such intent. The fact that the supplier of services may be aware of the receiver's precarious financial state is insufficient when not accompanied by an affirmative, protective action. *See The A. S. Sherman*, 51 F.2d 782, 788 (N.D.N.Y.1930). Nor does the submission of a bill to the owner's agent with whom the supplier has been dealing rather than to the owner and the vessel constitute waiver. *The Commack*, 299 F. 229, 231 (1st Cir. 1924); *Lower Coast Transportation Co. v. Gulf Refining Co. of La.*, 211 F. 336, 337 (5th Cir. 1914) (per curiam). Nor, lastly, does the acceptance of part payment lead to the conclusion that the lien has been waived. *Nacirema Operating Co. v. S. S. Al Kulsum, supra*, 407 F.Supp. at 1226. Even considered cumulatively, these facts show only that appellant expected—as it had a right to expect—that the government would pay Bromfield and Bromfield would pay appellant. Were we to uphold a finding that appellee could overcome the presumption against waiver on so little evidence, we would undercut the reason for allowing services to be secured by the vessel: the promotion of the provision of services to keep vessels in operation to the maximum extent possible. *Payne v. S. S.*

*Tropic Breeze, supra* 423 F.2d at 241; *The Everosa, supra*, 93 F.2d at 735.

*The judgment below is affirmed in part and reversed in part.*