**INVERSIONES ISLETA MARINA, INC., Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**Civ. No. 85–0973 (JP).**

United States District Court, D. Puerto Rico.

May 29, 1986.

Norberto Medina Zurinaga, and Gilberto Oliver, Hato Rey, P.R., for plaintiff.

Fidel Sevillano del Rio, Asst. U.S. Atty., Hato Rey, P.R., for defendant.

## OPINION AND ORDER

PIERAS, District Judge.

Plaintiff, the owner and operator of a boat yard located in Cayo Obispo of Fajardo, Puerto Rico, filed the complaint in this case against the United States of America invoking the maritime jurisdiction of this Court under the Suits in Admiralty Act, 46 U.S.C. Sec. 741 *et seq.* and Rule 9(h) of the Federal Rules of Civil Procedure. Plaintiff requested relief in the amount of $29,-959.27 of materials, repairs and other necessaries allegedly furnished and supplied by plaintiff to four vessels (landing crafts) owned by defendant United States of America. Plaintiff alleged it was entitled to a maritime lien against the vessels pursuant to 46 U.S.C. § 971 to collect the amount claimed herein. Defendant answered the complaint on September 19, 1985 denying all the substantive allegations, questioning the subject matter jurisdiction of this Court and denying the existence of a maritime lien in favor of plaintiff. Together with its Answer, defendant filed a Motion to Dismiss, which plaintiff opposed on October 24, 1985. After due consideration of the parties' arguments, this Court denied the Motion on all grounds by Order of January 17, 1986.

At the pre-trial hearing, a Pre-trial Order containing stipulated facts was entered. Further stipulations of facts were agreed upon by the parties on January 10, 1986. All of said stipulations are set forth below. The non-jury trial was held on February 25, 26 and 27, 1986.

## I. FINDINGS OF FACT

1. The four (4) landing crafts (barges) involved in this lawsuit are under assignment to the Puerto Rico National Guard for training purposes and are owned by the United States Army. They are of the type LCM—"Landing Craft Mechanic".

2. Throughout this pending litigation, the LCM have remained in Puerto Rico. The LCM are self-propelled water vessels. While undergoing repairs at Isleta, the LCM had no crew. The craft were taken to Isleta and later removed from Isleta by Puerto Rico National Guard personnel.

3. There was no contract between the plaintiff and the United States Government for the supplies and services which are subject to this cause of action. Mr. Dennis Shierk, doing business as San Diego Marine, contracted with the Puerto Rico National Guard for the refurbishing and repair of the landing crafts. The contracting officer in this case was Angel Ramírez. Mr. Shierk was under contract at the time he arranged with Isleta Marina for the services and supplies to the landing crafts.

4. Shierk arranged with the plaintiff for the provision of refurbishing supplies and services on the barges in or about December 1983. Plaintiff initially provided the supplies, services and other necessaries to the landing crafts at the request of Dennis Shierk. At that time, plaintiff was aware that Mr. Dennis Shierk was acting under contract with the Puerto Rico National Guard in the repair of the LCM, and that he was not the owner of the crafts.

5. During the time plaintiff provided supplies, services, and other necessaries to the landing crafts, plaintiff did not attempt to ascertain and did not become aware through other means of the contents of the contract between Dennis Shierk and the Puerto Rico National Guard for the repair and refurbishing of the landing crafts.

6. Dennis Shierk abandoned his work under the mentioned contract with the Puerto Rico National Guard at some point in May of 1984, about ten months after he began the contract work. Plaintiff was not

paid for the refurbishing supplies and services which were provided during the period Shierk was working under the contract with the Puerto Rico National Guard.

7. Shortly after Shierk's default, the contracting officer of defendant, Angel Ramírez, requested plaintiff to continue providing supplies, services and other necessaries to the landing crafts. This request was confirmed in writing.

8. Thereupon supplies, services and other necessaries valued at $11,251.72 were provided by plaintiff to the landing crafts.

9. Plaintiff billed defendant for said supplies, services and other necessaries and defendant has failed to pay for them.

10. The total amount of the contract between Mr. Shierk and the Puerto Rico National Guard was $285,005.00. The Puerto Rico National Guard under contract paid Mr. Dennis Shierk a total of $170,-165.25 as follows: November 17, 1983—$38,074.50; December 20, 1983—$55,-437.75; February 3, 1984—$76,653.00. The paid certifications amount to approximately 60% of the total amount of the contract.

## II. CONCLUSIONS OF LAW

### A. *Jurisdiction*

■ Defendant's defenses of lack of subject matter and *in personam* jurisdiction were denied for purposes of defendant's Motion to Dismiss by our Order of January 17, 1986. That Order was a final adjudication of the *in personam* jurisdiction defense. As to the lack of subject matter jurisdiction, at the trial defendant did not produce any evidence in support thereof and the evidence that was produced by both parties firmly established the maritime jurisdiction of this Court as invoked in the complaint.

### B. *Merits of the Claim*

We first address the issue of plaintiff's claim for necessaries furnished pursuant to the agreement between plaintiff and Shierk. The Suits in Admiralty Act provides that a suit *in personam* may be brought against the United States under such circumstances, and that such suit shall be governed by the principles of law obtaining in like cases between private parties. 46 U.S.C. §§ 742, 743. Thus, although vessels of the United States are not subject to maritime liens in reality, 46 U.S.C. § 741, we turn to the Federal Maritime Lien Act, 46 U.S.C. § 971 *et seq.* for the preemptive law governing the rights between the parties in this case. *See Baum v. U.S.*, 432 F.2d 85, 86 (5th Cir. 1970).

■ The Maritime Lien Act establishes a rebuttable presumption that services such as those at issue here are supplied on credit of the vessel. 46 U.S.C. § 971; *Farrell v. Ocean Services, Inc. v. U.S.*, 681 F.2d 91, 93 (1st Cir.1982). A party can waive a lien "by agreement or otherwise" by taking affirmative actions that manifest a clear intention to forego the lien and to rely solely on the personal credit of the contracting party. 46 U.S.C. § 974; *Marcial Ucin, S.A. v. SS Galicia*, 723 F.2d 994, 1000 n. 3 (1st Cir.1983).

■ Secondly, the Act establishes that the person to whom the management of the vessel at the port of supply is entrusted is presumed to have authority from the owner to procure necesaries. 46 U.S.C. § 972. In 1971, Congress struck out the statutory provision in 46 U.S.C. § 973 prohibiting the conferral of a lien when the furnisher of the necessaries knew or by exercise of reasonable diligence could have ascertained that the person ordering the necessaries is without authority to bind the vessel. Pub.L. No. 92-79, 85 Stat. 285 (1971). The primary concern behind this deletion of the materialman's duty to inquire was that suppliers were frequently unable to inquire into the authority of the person ordering the necessaries due to the necessity for speed in provisioning a vessel. *See Gulf Oil Trading Co. v. M/V Caribe Mar*, 757 F.2d 743, 749 (5th Cir.1985) (citing legislative proceedings of Public Law 92–79). *See also Farrell*, 681 F.2d at 94.

The better view on the effect of this release from the duty to inquire is the one

circumscribing its impact. In particular, this deletion does not now allow a supplier to choose to shut his eyes and make no inquiry concerning the authority of the person with which he is dealing. G. Gilmore & C. Black, *The Law of Admiralty*, § 9–46a (2d ed. 1975). That is, only a furnisher who neither knows nor has reason to know of the lack of authority of the person ordering the necessaries is entitled to rely on the statutory presumption. *Id.; accord. Gulf Oil Trading*, 757 F.2d at 749 (supplier of necessaries who has actual knowledge of prohibition of lien clause not entitled to § 972 presumption).

■ The issues before us are whether the presumption that the plaintiff supplied services on credit of the vessel has been rebutted and, in addition, whether the plaintiff is entitled to the presumption that Shierk had authority to order the supplies from the defendant owner of the LCM. We conclude that neither statutory presumption controls this case. The stipulations and evidence before us reveal that plaintiff relied on the credit of Shierk when furnishing such services and supplies and did not look to the vessels themselves as guaranty for the payment of the work performed. Plaintiff knew that Shierk was merely under contract with defendant and was not the owner of the vessels. Being thus on notice and in a situation which did not require the type of speed envisioned by the Congressional legislation, *supra*, plaintiff did not attempt to ascertain the contents of the contract between Shierk and defendant to determine whether Shierk was in fact authorized or not to bind defendant and the vessels. In fact, the contract between plaintiff and Shierk admitted at trial fails to show that Shierk was in fact authorized by defendant to order the services and supplies in the name of defendant. In addition, plaintiff failed to establish that defendant in any way ratified the agreement made by Shierk with plaintiff for the refurbishing of defendant's vessels.

■ Accordingly, we conclude that plaintiff is not entitled to rely on the presumption that Shierk had authority to bind the defendant since plaintiff had actual knowledge that Shierk was merely under contract with defendant. We believe that the purpose of Congress would not be served by allowing the presumption to stand in this case—an act which would render the presumption irrebuttable. In addition, the Court finds that defendant has rebutted the presumption that plaintiff supplied the necessaries on credit of the vessel. Since the plaintiff was contracting with someone whom it knew may not have had actual authority, it was then in a position to make an informed business decision; it chose to assume the risk of dealing directly with Shierk.

■ Secondly, we address the agreement between the parties which occurred after Shierk abandoned the work entrusted to him under the contract with defendant. At that time, plaintiff and defendant discussed and reached an understanding to conclude the refurbishing work initiated on the vessels, and a contract between plaintiff and defendant, the latter represented by the contracting officer Ramirez, was created. The purchasing contracting officer, in contrast with contractor Shierk, was duly authorized to bind defendant in this respect. Thus, the Court finds that plaintiff may recover from defendant the value of the services and supplies furnished to the vessels after such agreement was reached. This value amounts to $11,251.72.

Judgment shall be entered accordingly, ordering defendant to pay plaintiff the principal sum of $11,251.72 plus interest from date of entry of Judgment and the costs of the proceedings pursuant to 46 U.S.C. § 743, and dismissing the rest of the monetary claim set forth in the complaint.

IT IS SO ORDERED.