**CUMMINS FINANCIAL, INC., Plaintiff,**

v.

**The VESSEL ROSE OF ROCK RIVER; Official Number 950640, In Rem Michael L. Maust and Carol F. Maust, jointly and severally, Defendants.**

**BELDING CORPORATION, Defendant/Cross–Plaintiff,**

v.

**The VESSEL ROSE OF ROCK RIVER; Official Number 950640, In Rem Michael L. Maust and Carol F. Maust, jointly and severally, and Cummins Financial, Inc., Defendants/Cross–Defendants.**

**No. 90 C 20059.**

United States District Court, N.D. Illinois, W.D.

Jan. 15, 1991.

## ORDER

ROSZKOWSKI, District Judge.

Before the court is the motion of Defendants Michael L. and Carol F. Maust (hereinafter "the Mausts"), and the Vessel Rose of Rock River (hereinafter "the Vessel"), to dismiss the counterclaim of Belding Corporation. For the reasons set forth herein, the court denies Defendants' motion.

## BACKGROUND

On February 21, 1990, Plaintiff Cummins Financial, Inc. (hereinafter "Cummins") filed suit in this court to foreclose on a first preferred ship mortgage which Defendants the Mausts executed to Plaintiff on July 5, 1989. The Vessel is the subject property of this mortgage. The mortgage secured a loan of $441,000 which the Mausts received from Cummins. Cummins has demanded payment of the unpaid balance on the note secured by the mortgage, which Cummins claims to be approximately $478,308.11. The Mausts acknowledge that Cummins has demanded that they pay on the note, but the Mausts deny that they owe any amount on it. These parties have informed the court that settlement proceedings are underway with regard to this underlying claim.

On April 25, 1990, the court granted the motion of Belding Corporation (hereinafter "Belding") for leave to file its motion to intervene. Belding claims a maritime lien on the Vessel for providing overland transportation of the Vessel from Ottawa, Illinois to Oregon, Illinois. Defendants the Vessel and the Mausts filed a motion to dismiss Belding's counterclaim on May 22, 1990.

Thomas J. Lester, Thomas & Hinshaw Culbertson, Rockford, Ill., for plaintiff.

Peter Alexander, Alexander & Cicero, P.C., Rockford, Ill., for defendant Vessel Rose of Rock River.

Stephen G. Balsley, Barrick, Switzer, Long, Balsley & Van Evera, Rockford, Ill., for defendant, cross-plaintiff.

## DISCUSSION

In analyzing a motion to dismiss, this court will not dismiss a complaint unless it is clear there are no set of facts that Plaintiffs could prove consistent with the pleadings that would entitle them to relief. *Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 2232–33, 81 L.Ed.2d 59 (1984); *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957);

*Murphy v. Lane,* 833 F.2d 106, 107 (7th Cir.1987); *Vaden v. Village of Maywood,* 809 F.2d 361, 363 (7th Cir.), *cert. denied,* 482 U.S. 908, 107 S.Ct. 2489, 96 L.Ed.2d 381 (1987). The court will accept all well-pleaded factual allegations in the complaint as true. *Vaden,* 809 F.2d at 363; *Doe v. St. Joseph's Hosp. of Fort Wayne,* 788 F.2d 411, 414 (7th Cir.1986). In addition, this court will view the allegations in a light most favorable to the non-moving party. *Car Carriers, Inc. v. Ford Motor Co.,* 745 F.2d 1101, 1106 (7th Cir.1984), *cert. denied,* 470 U.S. 1054, 105 S.Ct. 1758, 84 L.Ed.2d 821 (1985); *Wolfolk v. Rivera,* 729 F.2d 1114, 1116 (7th Cir.1984).

Defendants the Vessel and the Mausts ask the court to dismiss Belding's claim against them for failure to state a claim for relief under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Defendants assert that Belding does not have a maritime lien on the Vessel because the service which Belding provided was not a "necessary" within the meaning of relevant maritime law.

■ Federal maritime law provides that a person providing necessaries to a vessel has a maritime lien on the vessel, and may bring a civil action in rem to enforce the lien. 46 U.S.C. § 31342 (1988). Under that statute, "necessaries" includes repairs, supplies, towage, and the use of a dry dock or marine railway. 46 U.S.C. § 31301(4) (1988). Case law defining the scope of "necessaries" is sparse, and the court has found no case on the specific issue of whether overland transportation of a vessel is a "necessary." Some federal courts have interpreted "necessaries" broadly to apply to goods and services provided to a vessel which were necessary to the vessel's continued operation, *Chi Shun Hua Steel Co. v. Crest Tankers, Inc.,* 708 F.Supp. 18, 24 (D.N.H.1989); to anything furnished to a vessel which is reasonably necessary for the vessel's venture, *Flexivan Leasing, Inc. v. M/V C.C. San Francisco,* 628 F.Supp. 1077, 1078 (C.D.Cal.1985), *rev'd sub nom., Foss Launch & Tug Co. v. Char Ching Shipping U.S.A., Ltd.,* 808 F.2d 697 (9th Cir.), *cert. denied,* 484 U.S. 828, 108 S.Ct. 96, 98 L.Ed.2d 57 (1987); and goods which enable a vessel to proceed with its voyage, *Tramp Oil & Marine Ltd. v. M/V Mermaid I,* 630 F.Supp. 630, 632 (D.P.R.1986), *aff'd,* 805 F.2d 42 (1st Cir. 1986).

A case involving services most analogous to those provided by Belding Corporation is *Farrell Ocean Services, Inc. v. United States,* 681 F.2d 91 (1st Cir.1982). There, the First Circuit found that the transportation of vessels from Virginia to Massachusetts for repair constituted "other necessaries" and gave rise to a maritime lien. *Id.* at 93. The court stated further that transporting the vessels by barge served the same function as "towage", which the maritime statute specifically enumerates as a "necessary" which gives rise to a maritime lien under 46 U.S.C. § 31301(4) (1988). *Id.* The court reasoned that if the vessels were not transported to the point of repair, they could not be repaired, and their operation would be impaired. *Id.* Therefore, concluded the court, transporting the vessels by barge for repair was a "necessary" within the meaning of the statutory provision for maritime liens. *Id.*

■ One other federal court concluded that the transport of *persons* essential to a vessel's operation was a "necessary" giving rise to a maritime lien. *Carl Enters. v. Barge Hudson Handler,* 475 F.Supp. 42, 46 (S.D.Ala.1979). In that case, transportation of the vessel's crew members was not by sea but by air. *Id.* A maritime lien may also arise when the necessary service provided does not move the vessel, but instead keeps it in place. In the case of *In re Underwater Completion Team, Inc.,* 34 B.R. 206, 210 (Bankr.W.D.La.1983), the court noted that such a service was a "necessary" because it was reasonably needed for the venture in which the vessel was engaged.

■ This court finds that the overland transportation of the Vessel, and the other related services which Belding alleges that it provided to the Vessel, were "necessary" services within the meaning of the maritime lien statute, 46 U.S.C. § 31301(4) (1988). Therefore, Belding has presented a

sufficient claim for a maritime lien against the Vessel. Federal district courts have original jurisdiction of all civil actions arising under maritime laws. 28 U.S.C. § 1333 (1988). Because Belding's claim arises under federal maritime law, this court has proper jurisdiction of the claim. Defendants also assert that the equitable doctrine of laches prevents Belding from asserting a claim against them. For the doctrine of laches to prevent the enforcement of a maritime lien, the party asserting that defense must show unreasonable delay and prejudicial harm. *In re H & S Transp. Co.*, 42 B.R. 164, 166 (Bankr.M.D.Tenn. 1984). Determining whether the doctrine of laches should apply is within the sound discretion of the trial court. *Id.* Defendants have presented no evidence of prejudicial harm; they assert only that Belding delayed approximately six and one-half months before filing its lien. This court finds that Belding's delay in filing its lien against Defendants was not unreasonable; Belding's delay was less than the one year delay found by one federal court to be reasonable. *Id.* For this reason, and because Defendants have presented no evidence of prejudicial harm, this court finds that the doctrine of laches does not apply. Accordingly, for all of the reasons described in this section, the court denies the motion of Defendants the Vessel and the Mausts to dismiss the claim of Belding Corporation.

## CONCLUSION

For the reasons set forth above, the court denies the motion of Defendants the Mausts and the Vessel to dismiss the counterclaim of Belding Corporation.