**PUTNAM MILLS CORPORATION,**
Plaintiff-Appellant,

v.

**UNITED STATES of America,**
Defendant-Appellee.

No. 5, Docket 34611.

United States Court of Appeals,
Second Circuit.

Argued Sept. 14, 1970.

Decided Oct. 6, 1970.

Patricia M. Hynes, Asst. U. S. Atty. (Whitney North Seymour, Jr., U. S. Atty. for the Southern District of New York, on the brief), for defendant-appellee.

Martin N. Whyman, New York City (Ruben Schwartz, New York City, on the brief), for plaintiff-appellant.

Before FRIENDLY, SMITH and HAYS, Circuit Judges.

554

PER CURIAM:

Plaintiff appeals from an order of the United States District Court for the Southern District of New York, granting defendant's motion to dismiss the complaint for lack of subject matter jurisdiction.

Sorenson Mfg. Co. had a contract with the United States to supply parachutes. Plaintiff was to furnish the nylon fabric for the parachutes. In order to assure payment Sorenson promised to assign to plaintiff the proceeds of a loan which it would negotiate with the Small Business Administration. Plaintiff alleges that the Small Business Administration represented that it would finance Sorenson's contract with the government. It agreed, plaintiff alleges, to place the proceeds of the loan to Sorenson in escrow for the purpose of guaranteeing payment to plaintiff if Sorenson defaulted. Plaintiff seeks to have S. B. A. declared to be the escrowee for its benefit of the loan proceeds in its possession to the extent of the $14,480.22 due on the shipment of fabrics to Sorenson, and asks that the S. B. A. be required to pay that sum to plaintiff. Although plaintiff apparently has no enforceable claim on an express guaranty, he may well have an enforceable promise to hold the funds in escrow, either on a promissory estoppel theory (see Restatement of Contracts § 90 (1932); 1 Williston, Contracts § 140 (3d ed. 1957)), or because the plaintiff's promise to supply the fabric constituted conventional consideration.

The district court dismissed plaintiff's claim on the ground that it sounded in deceit and therefore was not vindicable under the Federal Tort Claims Act, 28 U.S.C. § 1346(b) (1964). See 28 U.S.C. § 2680(h) (1964).

It is our view that plaintiff has pleaded a claim which may well entitle it to recovery in contract. However since the claim exceeds $10,000 it must be asserted in the Court of Claims. 28 U.S.C. § 1491 (Supp.1970); 28 U.S.C. § 1346 (1964). Consequently, the order of the district court dismissing the complaint for lack of subject matter jurisdiction is affirmed.

Plaintiff's attempt to classify his cause of action as a prima facie tort does not suffice to avoid the jurisdictional inhibitions on claims in deceit or contract. See United States v. Smith, 324 F.2d 622, 624–625 (5th Cir. 1963); Woodbury v. United States, 313 F.2d 291, 295 (9th Cir. 1963).

The judgment is affirmed without prejudice to plaintiff's proceeding in the Court of Claims if he so chooses.