**STATE OF MINNESOTA, by Vera J. LI-KINS, its Commissioner of Public Welfare, and Warren Spannaus, its Attorney General, Plaintiffs,**

v.

**Casper WEINBERGER, Secretary of the Department of Health, Education and Welfare, et al., Defendants.**

**No. 4–73 Civ. 139.**

United States District Court,
D. Minnesota,
Fourth Division.

June 7, 1973.

Warren Spannaus, Atty. Gen. of Minn., and Eric B. Schultz, Deputy Atty. Gen., for plaintiffs.

Robert G. Renner, U. S. Atty. by Francis X. Hermann, Asst. U. S. Atty., for defendants.

NEVILLE, District Judge.

The State of Minnesota brings this action against the United States Secretary of the Department of Health, Education and Welfare, its acting Regional Commissioner and the Secretary of the Treasury, seeking a judgment in the amount of $41,875,000.00. The complaint does not directly name the United States as a defendant, but it is clear that were judgment to be entered for plaintiff it would "expend itself on the public treasury or domain . . ." Gnotta v. United States, 415 F.2d 1271, 1277–1278 (8th Cir. 1969), cert. denied 397 U.S. 934, 90 S.Ct. 941, 25 L.Ed.2d 115 (1970); Knight Newspapers, Inc. v. United States, 395 F.2d 353, 356 (6th Cir. 1968); Hawaii v. Gordon, 373 U.S. 57, 83 S.Ct. 1052, 10 L.Ed.2d 191 (1963). See Larson v. Domestic & Foreign Commerce Corp., 337 U.S. 682, 69 S.Ct. 1457, 93 L.Ed. 1628 (1949). The suit is thus in effect and reality one against the United States seeking a money judgment, particularly since the complaint alleges in paragraph 1 ". . . this is a civil action against officers of the United States acting in their official capacity . . .."

The case clearly is bottomed on a claimed contract or agreement between the State of Minnesota and the United States. The State alleges the submission to defendants of a welfare plan under the Social Security Act relating to needy services, which plan was duly approved; that thereunder the State *agreed* to provide certain social service programs and defendants *agreed* to reimburse the State within a reasonable time for a portion of funds so expended; that the State has acted in reliance on the approved plan; that despite timely demands for $41,875,000 defendants have failed so to reimburse. The importance of this is clear when consideration is given to 28 U.S.C. § 1346(a)(2) (Tucker Act) conferring jurisdiction on the United States District Courts concurrent with that of the United States Court of Claims over "any other civil action or claim against the United States not *exceeding $10,000* in amount . . . upon any express or implied contract with the United States . . .." It is on the basis of this statute and the doctrine of sovereign immunity that the government challenges the jurisdiction of this court and moves for the dismissal, citing United States v. Sherwood, 312 U.S. 584, 61 S.Ct. 767, 85 L.Ed. 1058 (1941); United States v. King, 395 U.S. 1, 89 S.Ct. 1501, 23 L.Ed.2d 52 (1969), and other cases. The assertion is that since the United States has sovereign immunity it can only be sued with its consent; that its consent given by an act of Congress is limited to the statute's express scope and parameters; that the Court of Claims is a legislative court and not a constitutional court; that therefore a litigant desiring to sue the United States must bring himself strictly within the reaches of the statute, which the case at bar does not because the amount sued for exceeds the $10,000 jurisdictional amount which by 28 U.S.C. § 1346 has explicitly been withheld from the District Courts. This court therefore concludes it does not have jurisdiction under 28 U.S.C. § 1346.

The State asserts as a further jurisdictional ground the Administrative Procedure Act, 5 U.S.C. § 702 which reads:

"Right of review

A person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof."

Section 703 of that Act, however, goes on to provide *"Except to the extent that prior, adequate, and exclusive opportunity for judicial review is provided by law,* agency action is subject to judicial review . . ." [Emphasis added] and Section 704 again states " . . . final agency action *for which there is no other adequate remedy* in a court are subject to judicial review". [Emphasis added] In the present case it is not contested or suggested that the State could not properly sue in the United States Court of Claims which would have jurisdiction irrespective of the size of the amount involved. This court holds that it has no jurisdiction under 5 U.S.C. § 702 et seq. by virtue of the plain wording thereof since there exists an express method for judicial review by the commencement of a suit in the United States Court of Claims based upon the alleged contract and agreement resulting from the approved plan for social services.

The State also relies in its brief on 28 U.S.C. § 1361 (though this statute is not specifically mentioned in the complaint), the mandamus statute, pointing out that under 42 U.S.C. § 603 of the Social Security Act it is provided that the Secretary of Treasury "From the sums appropriated therefor . . . *shall* pay to each State which has an approved plan for aid and services to needy families with children . . . 75% of so much . . ." as the State expends therefor. Further, 42 U.S.C. § 1383 directs that the Secretary "From the sum appropriated therefor . . .

*shall* pay to each State which has a plan approved under this subchapter . . . 75% of so much of [a state's] expenditures [as] are for . . ." certain social services. Under 42 U.S.C. §§ 604 and 1384 the power of the Secretary to reduce or withhold granted funds (read in conjunction with 42 C.F.R. 201.6), may be exercised only after notice to the State involved and opportunity to be heard. The statement of counsel is that no such notice or hearing was attempted or effected in this case.

The question then before the court is whether it has mandamus jurisdiction under 28 U.S.C. § 1361. This court believes it has such jurisdiction for the Act, as above quoted, states that from sums appropriated "The Secretary of the Treasury *shall* pay to each state . . ." [Emphasis added]. This is not discretionary but mandatory. This is not a permissive act (once a plan has been approved and proof of payment for social services by the State has been made and submitted) but is mandatory and falls squarely within the mandamus statute "to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."

The court notes a recent opinion of the Court of Appeals for the Eighth Circuit State Highway Commission of Missouri v. John A. Volpe et al., 479 F.2d 1099 (8th Cir. 1973), where the district court was affirmed in ordering a judgment compelling the payment and release of some 21.9 million dollars of impounded highway funds. Although the court held the action for mandamus mooted, it found that a declaratory judgment for plaintiff properly was granted. In that case the Secretary of Transportation imposed so called "contract controls" before obligating funds to the State of Missouri and in footnote number 6 the appellate court observed that mandamus might not lie because there was "no positive command so plainly defined as to be free from doubt." citing Prairie Band of the Pottawatomie Tribe v. Udall, 355 F.

2d 364 (8th Cir. 1966). Later the *Volpe* opinion points out that:

". . . It is at this stage that the contract controls are imposed, for *once a project is approved* by the Secretary it 'shall be deemed a contractual obligation of the Federal Government for the payment of its proportional contribution thereto.' 23 U.S.C. § 106(a). On the basis of this approval, states are permitted to obligate the apportioned funds through the letting of construction contracts, etc. Section 118(b) provides that the sums 'available for expenditures' . . .."

Conversely, it would seem that once a positive command appears in the statute such as in the case *sub judice*, mandamus should lie. The mandamus statute was passed in 1962 much later than the original Tucker Act or even than 28 U.S.C. § 1346; yet no exception was made referring to the existence of any other remedy nor the availability of any other statutory relief.

Against the argument that this holding in effect negates the $10,000 limitation of § 1346 and thus in any case of a government contract the United States District Court has jurisdiction, regardless of the amount in excess, it should be said that this holding will apply only where there is an express mandatory statute as in this case and where the government officials do not obey the clear mandate or put otherwise, exceed their authority by failing and refusing to obey the mandate of the statute. In such case mandamus is proper. See 7 Moore's Federal Practice Para. 81.07, Pages 4446–48 and cases there cited. This holding renders unnecessary a consideration of possible jurisdiction under 28 U.S.C. § 1331, the "federal question" statute.

The court has for purposes of this motion assumed the truth of the facts pleaded in the complaint but does not by this ruling attempt to opine on the ultimate merit of the position of the parties nor negate the right of defendants to traverse the allegations thereof.

A separate order has been entered.