573 F.Supp. 1040 (1983)
John W. ELLEDGE and Starla J. Elledge, his wife, Plaintiffs,
v.
CITY OF HANNIBAL, A Municipal Corporation, Defendant and Third-Party Plaintiff,
v.
ENVIRONMENTAL PROTECTION AGENCY, Missouri Clean Water Commission, and Harold Crane, d/b/a Crane & Fleming, Third-Party Defendants.
No. N82-77C.
United States District Court, E.D. Missouri, N.D.
November 1, 1983.
*1041 *1042 Fredrich J. Cruse, Hannibal, Mo., for City of Hannibal.
Robert Mark, Clayton, Hannibal, Mo., for plaintiffs.
Wesley D. Wedemeyer, Asst. U.S. Atty., St. Louis, Mo., Dan Summers, Asst. Atty. Gen., Jefferson City, Mo., for Clean Water Com'n.
Robert M. Clayton, II, Charles E. Stine, Jr., Hannibal, Mo., for Harold Crane.

MEMORANDUM AND ORDER
HARPER, District Judge.
This matter is before the Court on the motion of third-party defendant, Environmental Protection Agency, to dismiss the petition of third-party plaintiff, City of Hannibal.
This case was filed in the Circuit Court of Marion County, Missouri, District 2, at Hannibal, Missouri, against the City of Hannibal, a municipal corporation.
The pleadings and the briefs disclose that the above styled action for inverse condemnation was filed against the City of Hannibal because of flooding of plaintiffs' property, resulting from an overflow of the city sewer system alleged to have resulted from four causes.
Third-party petitions were thereafter filed by the defendant, City of Hannibal, against the Missouri Clean Water Commission (hereinafter referred to as MCWC), Harold Crane, d/b/a Crane & Fleming, and the Environmental Protection Agency (hereinafter referred to as EPA), each as a separate third-party defendant.
This action is in this Court pursuant to a removal petition filed by one of the third-party defendants, The Environmental Protection Agency.
Third-party defendant EPA filed a motion to dismiss for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted.
The City alleges in its third-party petition against EPA that the sewage treatment plant, which may have caused some of the alleged damages, would not have been built but for a requirement by EPA, and further alleges that any liability due the City is a liability caused as a direct result of actions by the EPA, for which EPA should be liable to the City in the amount of any damages which the City owes the individual property owners, who seek money damages from the City for inverse condemnation under Article I, Section 26, Missouri Constitution, 1945.
In 1972, Congress amended the Federal Water Pollution Control Act (now known as the Clean Water Act or CWA), 33 U.S.C. § 1251 et seq., to provide a program at both the state and federal levels to improve the quality of the nation's waterways. Section 301 of the CWA, 33 U.S.C. § 1311, makes unlawful the discharge of any pollutant by any person except as in compliance with effluent limitations based on "secondary treatment," as defined by the Administrator. The limitations which are applicable to the discharge of pollutants from municipal treatment facilities have been established *1043 under the authority of that same section.
The grant EPA made to the City of Hannibal, Missouri, which was used, in part, to build the sewage treatment plant at issue, is authorized under 33 U.S.C. § 1281(g)(1), which provides that any Agency may provide assistance to the local government for construction of sewage treatment plants:
"The Administrator is authorized to make grants to any state, municipality, or intermunicipal or interstate agency for the construction of publicly owned treatment works."
This authority allows EPA to award seventy-five percent of the eligible construction costs of sewage treatment facilities to a successful applicant upon demonstration of satisfaction of minimal terms and conditions more precisely described by regulation and grant documents.
The plaintiffs, individual property owners in this case, brought this suit in state court against the City of Hannibal, Missouri, as a result of the building of a sewage treatment plant by the City of Hannibal. The City of Hannibal filed the third-party complaint referred to above, and the third-party defendant EPA removed the state court proceedings to this Court.
Removal of an action from state court gives the federal court only derivative jurisdiction. Where a state court lacks jurisdiction of the subject matter or the parties, and a matter is then removed to federal court, the federal court does not acquire jurisdiction. Federal jurisdiction is no better than that possessed by the state court in which the action was begun. This is true even though the federal court might have had jurisdiction had the claim originally been brought in federal court. Minnesota v. United States, 305 U.S. 382, 59 S.Ct. 292, 83 L.Ed. 235 (1939). In this action, as pleaded as to the third-party defendant EPA, neither the state court nor the federal district court have jurisdiction.[1]
It is fundamental that the United States (and its agencies), as a sovereign, is immune from suit except to the extent that it consents to be sued, and the terms of its consent are defined by law. Such a consent is strictly construed and enforced. United States v. Testan, 424 U.S. 392, 399, 96 S.Ct. 948, 953, 47 L.Ed.2d 114 (1976).
The Supreme Court has emphasized that such consent "cannot be implied but must be `unequivocally expressed.'" United States v. Mitchell, 445 U.S. 535, 538, 100 S.Ct. 1349, 1351, 63 L.Ed.2d 607 (1980).
Where Congress has waived sovereign immunity, its waiver is to be "construed strictly in favor of the sovereign." McMahon v. United States, 342 U.S. 25, 27, 72 S.Ct. 17, 19, 96 L.Ed. 268 (1951). Thus, in interpreting a statute that waives the immunity of the United States, the courts should not "enlarge its liability * * beyond what the language requires." Eastern Transp. Co. v. United States, 272 U.S. 675, 686, 47 S.Ct. 289, 291, 71 L.Ed. 472 (1926). The burden is on the plaintiff to allege and prove a claim that is within the jurisdiction of the Court. McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 56 S.Ct. 780, 80 L.Ed. 1135 (1936).
The party who institutes a claim against the United States has the burden of alleging an Act of Congress which authorizes the Court to entertain that specific claim. Malone v. Bowdoin, 369 U.S. 643, 82 S.Ct. 980, 8 L.Ed.2d 168 (1962). The third-party plaintiff, City of Hannibal, has not alleged any jurisdictional facts or statutes showing that the United States has given consent to be sued in a Missouri state court for any liability incurred by the City of Hannibal resulting from its being compelled by federal law or EPA regulation to build a sewage treatment plant, or as a consequence of a resulting grant agreement. Neither is there a basis for suit against the United States in State court, *1044 for a taking of property by inverse condemnation pursuant to Article 1, Section 26, of the Missouri Constitution.
Furthermore, it is well settled that the United States cannot be sued under the provisions of a state constitution for a "taking." What constitutes a "taking" by the United States is a "federal question" governed entirely by federal law. United States v. Clarke, 445 U.S. 253, 100 S.Ct. 1127, 63 L.Ed.2d 373 (1980).
The City of Hannibal's action against EPA is in actuality a suit against the United States for "money damages." By asking the Court to order EPA to pay any judgment obtained by the property owners against the City, Hannibal is essentially seeking money which would be paid out of the federal treasury.[2] Where a suit basically seeks only money, the intermediate steps needed to get the money do not govern the character of the action. Heart of The Valley Sewerage Dist. v. EPA, 532 F.Supp. 314, 317 (E.D.Wisc.1981). A plaintiff cannot transform a claim for damages into an equitable action by asking the court to order the payment of money. Polos v. United States, 556 F.2d 903, 905 (8th Cir. 1977).
The amount the City is seeking from EPA in this case is in excess of $10,000.00, on the basis of damages alleged to have been sustained because of the building of the sewage treatment plant. The City, in this third-party petition, asks the Court to order EPA to pay whatever judgment is found against it. Thus, the claim the City is asserting against the federal government is in excess of $10,000.00. The Claims Court has exclusive jurisdiction over non-tortious money claims above $10,000.00. Polos v. United States, supra.
If the City is basing its claim upon some theory of tort, then the Federal Tort Claims Act is the exclusive remedy. 28 U.S.C. § 2679(a). The statute of limitations under the Act has run. 28 U.S.C. § 2401.
In any event, the jurisdictional requirements of the Federal Tort Claims Act have not been followed. 28 U.S.C. §§ 2675, 2679; Employees Welfare Committee v. Daws, 599 F.2d 1375 (5th Cir.1979).[3]
Thus, it can be seen that, while the basis of the City's claim is unclear, the claim is a monetary one which at best, belongs in the Claims Court.
For the foregoing reasons, the claim of the City of Hannibal against the federal government will be dismissed for lack of jurisdiction, and for failure to state a claim upon which relief can be granted.
Accordingly, the third-party petition filed by the City of Hannibal against the defendant EPA is dismissed, and on the court's own motion the remaining state claims (including the motions filed by third-party defendant MCWC) are remanded to the Circuit Court of Marion County, Missouri, the court from which the case was removed, in accordance with 28 U.S.C. § 1441(c). Ondis v. Barrows, 538 F.2d 904 (1st Cir.1976).
NOTES
[1] Because this is a motion to dismiss the federal government in any guise, we pass for the moment the question of whether EPA is a suable entity, as opposed to the Administrator of EPA, or the United States. See, Blackmar v. Guerre, 342 U.S. 512, 515, 72 S.Ct. 410, 411, 96 L.Ed. 534 (1952).
[2] Such an action is in fact one against the United States, no matter how styled. Dugan v. Rank, 372 U.S. 609, 83 S.Ct. 999, 10 L.Ed.2d 15 (1963); Carelli v. IRS, 668 F.2d 902 (6th Cir. 1982); Alabama Rural Fire Ins. Co. v. Naylor, 530 F.2d 1221, 1225-1230 (5th Cir.1976).
[3] This is not to say that Hannibal has a valid tort claim against EPA. In Eccles v. United States, 396 F.Supp. 792 (D.N.D.1975), plaintiffs brought suit against the United States to recover for flooding and seepage onto their land as a result of construction of a sewage lagoon on an Air Force base. Damages were sought under the theories of inverse condemnation, nuisance and breach of implied contract. The court found that jurisdiction was in the Court of Claims pursuant to the jurisdictional requirements of the Tucker Act. There was no jurisdiction under the Federal Tort Claims Act.