**ORANGE RIDGE, INC., etc., Plaintiff,**

v.

**STATE OF FLORIDA and United States of America, Defendants.**

**No. 88–0016–CIV.**

United States District Court,
S.D. Florida.

July 22, 1988.

Eddie L. Fields, Miami, Fla., for plaintiff.

J. Christopher Kohn, Dept. of Justice—Civil Div., Washington, D.C., Joseph Lewis, Jr., Dept. of Legal Affairs, Tallahassee, Fla., for State of Fla.

## ORDER

HASTINGS, District Judge.

THIS CAUSE comes before the Court on Defendants' Motions to Dismiss the complaint for lack of subject-matter jurisdiction. For the reasons discussed below, the

Court finds that its limited federal jurisdiction has not been properly invoked and the motions to dismiss are granted.

### I. Facts

Orange Ridge, Inc. operates its business under the name of New Frontier Package & Lounge ("NFP"). One of the services offered to patrons is that of check cashing, for which NFP charges a nominal fee. The types of checks cashed by NFP originate from various sources, including the treasury of the State of Florida (for welfare) and the United States Treasury (for social security and income tax refunds) the federal Social Security fund. "A few years after cashing certain federal social security and income tax refund checks", Complaint at par. 8, and "[a] short period after cashing certain state welfare checks", Complaint at par. 17, the United States and the State of Florida each filed respective claims with the plaintiff's banks and thereafter seized funds from plaintiff's accounts to recover the proceeds from checks allegedly cashed illegally. The seizure of funds occurred after it was discovered that the checks were stolen, signatures forged, and illegally cashed.[1] Plaintiff alleges the United States provided some sort of notice prior to the seizure of funds. Complaint at par. 8. The State of Florida, however, did not provide prior notice of its intention to seize the monies. Complaint at par. 18.

Plaintiff contends the seizures are in violation of its rights under the due process clauses of the Fifth and Fourteenth Amendments. Jurisdiction is asserted under those constitutional amendments and under 28 U.S.C. §§ 1331, 2401(a). Plaintiff seeks damages for its losses, claiming those to have been in excess of $50,000.

### II. The Standard Governing a Motion to Dismiss For Lack of Subject–Matter Jurisdiction

The United States and the State of Florida each move to dismiss the complaint

---

1. The obscurity of these facts is unintentional. As the Government notes in its memorandum:

   Orange Ridge's complaint is so devoid of specifics that the United States has been unable to verify any of its factual allegations. Accordingly, the recitation of facts in this memorandum is based exclusively on the alle-

   gations in the complaint, which for purposes of this memorandum only, are assumed to be true.

   Motion to Dismiss at 1 n. 2. For purposes of the motions to dismiss, the Court also assumes the recitation of facts in the complaint to be true.

on the grounds that sovereign immunity is a jurisdictional bar to this Court.[2] On a motion to dismiss for lack of subject-matter jurisdiction, the burden is on the plaintiff to show, assuming the allegations of the complaint to be true, that the court's limited federal jurisdiction has been properly invoked. *Poirier v. Hodges,* 445 F.Supp 838 (M.D.Fla 1978). A complaint may be dismissed for lack of subject-matter jurisdiction on any one of three bases: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Williamson v. Tucker,* 645 F.2d 404 (5th Cir. May 1981).[3]

■ Ordinarily, "[w]here the defendant's challenge to the court's jurisdiction is also a challenge to the existence of a federal cause of action, the proper course . . . is to find that jurisdiction exists and deal with the objection as a direct attack on the merits of plaintiff's case."[4] *Id.* at 415, *citing Bell v. Hood,* 327 U.S. 678, 66 S.Ct. 773, 90 L.Ed. 939 (1945); *Sierra Club v. Shell Oil Co.,* 817 F.2d 1169, 1172 (5th Cir.1987). Thus, a defendant challenging jurisdiction under Rule 12(b)(1) is forced to proceed under Rule 12(b)(6) (for failure to state a claim) or Rule 56 (summary judgment). *Id.* Judicial economy is therefore promoted by converting indirect attacks to federal claims into direct challenges, and if no federal claim exists, then dismissing on the merits of the case. *Id.*

There are, however, exceptions to the *Bell* requirement that a district court reach the merits of a federal claim. A dismissal for want of jurisdiction may be nonetheless proper when:

> the alleged claim under the Constitution or federal statutes clearly appears to be immaterial and made solely for purpose of obtaining jurisdiction or where such a claim is wholly insubstantial and frivolous.

*Bell* at 682, 66 S.Ct. at 776. These two exceptions to the *Bell v. Hood* standard are met, and dismissal for want of jurisdiction is appropriate, only where plaintiff's claim "has no plausible foundation" or "is clearly foreclosed by a prior Supreme Court decision." *Bell v. Health–Mor, Inc.,* 549 F.2d 342 (5th Cir.1977).

Of course, if the 12(b)(1) challenge does *not* implicate a federal claim, the court may find the jurisdictional basis to be lacking and dismiss accordingly, without finding the underlying claim to be "immaterial" or "insubstantial". *Williamson* at 415 n. 9. This approach is appropriate, for example, where the basis for diversity jurisdiction is absent. *Id; Sierra Club* at 1172 n. 3. Thus, where the jurisdictional issue is not intertwined with the merits of the claim, the jurisdictional challenge may be separately addressed. *Id.* at 416 n. 10.

In the present case, defendants challenge the subject-matter jurisdiction of the court, and *not* whether a sufficient basis for subject-matter jurisdiction has been alleged in the complaint. Simply stated, the issues in this case are whether the United States and the State of Florida have waived sovereign immunity such that they are amenable to suit in this federal district court.[5] The

---

2. Defendants raise numerous grounds in support of their motions to dismiss. Because the Court's finds that it lacks subject matter jurisdiction, *see infra* Sections IIA & IIB, it is unnecessary to reach those issues because to rule on the validity of a claim is, of itself and exercise of jurisdiction. *Bell v. Hood,* 327 U.S. 678, 682, 66 S.Ct. 773, 776, 90 L.Ed. 939 (1946) (questions of law and fact must be decided after and not before court assumes jurisdiction).

3. Decisions of the Former Fifth Circuit filed prior to October 1, 1981 constitute binding precedent in the Eleventh Circuit. *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

4. For example, in *Williamson* the jurisdictional challenge centered around the definition of the term "security" in the context of a suit based on the federal securities laws. The court concluded that this jurisdictional issue reached the merits of the federal claim because if the interests and notes at issue in the case were not securities, there would not only be no federal jurisdiction but also no federal cause of action. *Id.* at 416.

5. The issue of immunity is a question of law, and its existence raises a jurisdictional bar preventing an action from proceeding further in federal court. *Welch v. State Dept. of Highways and Public Transportation,* — U.S. —, 107

Court first examines the complaint to determine whether plaintiff's claims have "no plausible foundation" or are "clearly foreclosed by a prior Supreme Court decision." *Bell v. Health-Mor,* 549 F.2d 342.[6] If the claims are not within these *Bell v. Hood* exceptions, then the Court must treat the motions to dismiss as motions for failure to state a claim, and not for want of jurisdiction. *Marine Coatings,* 792 F.2d 1565.

*A. Sovereign Immunity of the United States*

> The United States, as sovereign, is immune from suit except as it waives its immunity, and the terms of its waiver, as set forth expressly and specifically by Congress, define the parameters of a federal court's subject matter jurisdiction to entertain suits brought against it.

*Ware v. United States,* 626 F.2d 1278, 1286 (5th Cir.1980), *citing United States v. Orleans,* 425 U.S. 807, 96 S.Ct. 1971, 48 L.Ed.2d 390 (1976); *Honda v. Clark,* 386 U.S. 484, 87 S.Ct. 1188, 18 L.Ed.2d 244 (1967); *Dalehite v. United States,* 346 U.S. 15, 73 S.Ct. 956, 97 L.Ed. 1427 (1952); *United States v. Sherwood,* 312 U.S. 584, 61 S.Ct. 767, 85 L.Ed. 1058 (1941). Thus, for NFP to be heard by this Court it must point to an express and specific waiver of immunity by the United States. NFP appears to assert that the United States is amenable to suit under four distinct provisions: (1) the due process clause of the Fifth Amendment to the U.S. Constitution; (2) the due process clause of the Fourteenth Amendment to the U.S. Constitution; (3) 28 U.S.C. § 1331; and (4) 28 U.S.C. § 2401(a).[7] None of these provisions, however, relinquish the sovereign immunity of the United States, and plaintiff's contentions in this regard can be readily disposed.

[redacted] First, the Fifth Amendment does not waive the immunity of the United States. *United States v. Timmons,* 672 F.2d 1373, 1380 (11th Cir.1982), *citing Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388, 410, 91 S.Ct. 1999, 2012, 29 L.Ed.2d 619 (1971) (J. Harlan concurring).

[redacted] Second, the Fourteenth Amendment is directed at the States and applies only to conduct that can be characterized as "state action." *Lugar v. Edmondson Oil Co., Inc.,* 457 U.S. 922, 925, 102 S.Ct. 2744, 2747, 73 L.Ed.2d 482 (1982). Thus, "*only* a State or a private person whose action 'may be fairly treated as that of the State itself,' may deprive [a person] of 'an interest encompassed within the Fourteenth Amendment's protection.'" *Flagg Bros., Inc. v. Brooks,* 436 U.S. 149, 157, 98 S.Ct. 1729, 1734, 56 L.Ed.2d 185 (1978) (citations omitted) (emphasis added). Accordingly, the Fourteenth Amendment does not waive the federal government's immunity because it does not apply to federal action. *Taylor v. United States,* 320 F.2d 843, 846 (9th Cir.1963).

S.Ct. 2941, 2945, 97 L.Ed.2d 389 (1987) (immunity of states under Eleventh Amendment limits judicial authority under Art. III); *Ware v. United States,* 626 F.2d 1278, 1286 (5th Cir.1980) (United States as sovereign is immune from suit). It is well-settled that jurisdictional issues are for the court to decide, whether they hinge on legal or factual determinations. *Williamson* at 413.

6. A colorable argument can be made that the issue of sovereign immunity does *not* implicate the merits of a claim, *Williamson,* and thus falls outside of the command of *Bell* because it is irrelevant to the issue of immunity whether the complaint states a claim. A sovereign is immune from suit or it is not, irrespective of the merits of plaintiff's claims.

If a complaint seeks relief under the Constitution or the laws of the United States, however, then careful consideration of such claims dictates that the better approach is to determine whether the claims are subject to the *Bell* exceptions, thereby allowing the motions to dismiss to proceed under Rule 12(b)(1), or if not, then under 12(b)(6). *Marine Coatings of Alabama, Inc. v. United States,* 792 F.2d 1565, 1567 (11th Cir.1986).

7. Surprisingly, NFP fails to raise the United States' waiver of immunity under the Tucker Act, 28 U.S.C. §§ 1346(a)(2), in light of its Fifth Amendment taking claim. The Act is the only express waiver of sovereign immunity which vests the federal courts with jurisdiction over taking claims. *Ware* at 1285 n. 6, 1286 (citations omitted). Even in such claims, however, the federal courts jurisdictional limit is $10,000 in damages or less, and, where a claim exceeds this amount, the United States Court of Claims has exclusive jurisdiction. *Id.* at 1286, 1287; 28 U.S.C. § 1491.

Third, while 28 U.S.C. § 1331 governs federal question jurisdiction, that provision, however, does not of itself waive the United States' immunity. *See, e.g., B.K. Instrument, Inc. v. United States,* 715 F.2d 713 (2d Cir.1983); *Sheehan v. Army and Air Force Exchange Service,* 619 F.2d 1132 (5th Cir.1980), *reversed on other grounds* 456 U.S. 728, 733 n. 3, 102 S.Ct. 2118, 2121 n. 3, 72 L.Ed.2d 520 (1982) (neither side having sought review, Court declined to address issue); *Holloman v. Watt,* 708 F.2d 1399 (9th Cir.1983).

Finally, 28 U.S.C. § 2401(a) is the general statute of limitations. These enactments are statutes of repose, representing a legislative judgment that "the right to be free of stale claims in time comes to prevail over the right to prosecute them." *United States v. Kubrick,* 444 U.S. 111, 119, 100 S.Ct. 352, 358, 62 L.Ed.2d 259 (1979). As such, § 2401(a) is not a waiver of sovereign immunity, but solely a *condition* upon which the United States may be sued, *United States v. Mottaz,* 476 U.S. 834, 106 S.Ct. 2224, 2229, 90 L.Ed.2d 841 (1986), to be strictly observed and not easily overridden with exceptions. *Soriano v. United States,* 352 U.S. 270, 77 S.Ct. 269, 1 L.Ed.2d 306 (1956). Section 2401 presents only the terms of a waiver of immunity as expressed by Congress and does not constitute the waiver itself. *Ware,* 626 F.2d 1278.

Consequently, Plaintiff's claims against the United States have no plausible foundation or have been clearly foreclosed by prior Supreme Court decisions.[8] *Bell v. Health–Mor, Inc.,* 529 F.2d 342. Because the United States is immune from suit in this instance, the Court lacks subject-matter jurisdiction to proceed. Dismissal is therefore appropriate since the Court's limited federal jurisdiction has not been properly invoked. *Poirier v. Hodges,* 445 F.Supp. 838.

**B. Sovereign Immunity of the State of Florida**

The claim directed at the State of Florida advances little more than the contention that the seizure of monies from plaintiff's bank account deprived plaintiff of property without due process of law under the Fourteenth Amendment. The State of Florida asserts that it is immune from suit under the Eleventh Amendment to the U.S. Constitution. Recognizing that a motion to dismiss for lack of subject-matter jurisdiction requires a district court to inquire into its own jurisdiction, *Menchaca v. Chrysler Credit Corp,* 613 F.2d 507 (5th Cir.1980), this Court will also examine whether additional bases for jurisdiction exist other than plaintiff's due process claim.

Generally, an unconsenting state enjoys immunity from suit. U.S. CONST. amend. XI; *Florida Department of State v. Treasure Salvors, Inc.,* 458 U.S. 670, 684, 102 S.Ct. 3304, 3314, 73 L.Ed.2d 1057 (1982). Although the Eleventh Amendment by its own terms only bars suits against a state by citizens of other states, the scope of that immunity has been interpreted to further protect an unconsenting state from suit brought by its own citizens, *Hans v. Louisiana,* 134 U.S. 1, 10 S.Ct. 504, 33 L.Ed. 842 (1890), from both damages and injunctive relief. *Alabama v. Pugh,* 438 U.S. 781, 98 S.Ct. 3057, 57 L.Ed. 2d 1114 (1978). "Absent a legitimate abrogation of immunity by Congress or a waiver of immunity by the state being sued, the Eleventh Amendment is an absolute bar to suit by an individual against a state or its agencies in federal court." *Gamble v. Florida Dept. of Health and Rehabilitative Services,* 779 F.2d 1509 (11th Cir.1986). A waiver to be sued in state court, however, does not ipso facto establish the state's consent to be sued in federal court. *Terrel v. U.S.,* 783 F.2d 1562 (11th Cir. 1986). In determining whether the State of Florida has waived its sovereign immunity in the federal courts, this Court is guided by the principle that a waiver should only

---

**8.** The proper forum for plaintiff's claims against the United States appears to be the United States Claims Court pursuant to 28 U.S.C. § 1491(a)(1).

be found where the relevant statutes contain either " 'the most overwhelming implications ... as [will] leave no room for any other reasonable construction.' " *Florida Department of Health and Rehabilitative Services v. Florida Nursing Home Association*, 450 U.S. 147, 150, 101 S.Ct. 1032, 1034, 67 L.Ed.2d 132, *citing Edelman v. Jordan*, 415 U.S. 651, 673, 94 S.Ct. 1347, 1360, 39 L.Ed.2d 662 (1974) (quoting *Murray v. Wilson Distilling Co.*, 213 U.S. 151, 29 S.Ct. 458, 53 L.Ed. 742 (1909). Thus, the task at hand is clearly defined. The Court must determine whether there is a congressional abrogation of immunity under the Fourteenth Amendment or a valid waiver by the State of Florida which overcomes the jurisdictional bar of immunity and allows this action to continue.

It is well-settled that the Eleventh Amendment protects a state against monetary awards being exacted from its treasury. *See, e.g., Ford Motor Co. v. Dept. of Treasury*, 323 U.S. 459, 464, 65 S.Ct. 347, 350, 89 L.Ed. 389 (1945).[9] Although plaintiff asserts jurisdiction under the Fourteenth Amendment, that Amendment *of its own* force does not limit the Eleventh Amendment. Nonetheless, Congress, in the exercise of its enforcement powers under § 5 of the Fourteenth Amendment, may abrogate a state's Eleventh Amendment immunity. *Fitzpatrick v. Bitzer*, 427 U.S. 445, 456, 96 S.Ct. 2666, 2671, 49 L.Ed. 2d 614 (1976). Thus, legislation enacted pursuant to the enabling provision contained in § 5 is required for recovery of money from a state by a person whose Fourteenth Amendment rights have been violated. *Id.*

■ Congress has enacted legislation under § 5 abrogating Eleventh Amendment immunity. *See, e.g., Clark v. Tarrant County, Texas*, 798 F.2d 736 (5th Cir.1986) (Title VII generally overrides Eleventh Amendment immunity); *Heiar v. Crawford County*, 746 F.2d 1190 (7th Cir.1984) (Eleventh Amendment inapplicable under Age Discrimination in Employment Act); *Parks v. Pavkovic*, 536 F.Supp. 296 (N.D.Ill.1982) (Education for All Handicapped Children Act of 1975 abrogated states' immunity). The Court, however, finds no congressional authority granting remedial power in a federal court to require payment of funds from the state treasury under the Fourteenth Amendment for the denial of due process asserted in this case.[10] Without clear indication of congressional intent to lift the application of the Eleventh Amendment, the Fourteenth Amendment's prohibition of a state's taking of property without due process does not abrogate the states' immunity. *Green v. State of Utah*, 539 F.2d 1266 (10th Cir.1976).[11] In this respect, the claim is barred by the Eleventh Amendment.

■ Notwithstanding the absence of a congressional abrogation, the claim may survive dismissal for lack of subject-matter jurisdiction if the State of Florida itself has waived immunity. *Gamble* at 1512. Al-

9. Clearly, the money damages sought in this case against the State of Florida would flow from the state treasury.

10. Congress has also abrogated the States' immunity under the Eleventh Amendment in other contexts. *See, e.g., Mill Music, Inc. v. Arizona*, 591 F.2d 1278 (9th Cir.1979) (abrogation inherent in copyright and patent clause and Copyright Act); *Peel v. Florida Dept. of Transportation*, 600 F.2d 1070 (5th Cir.1979) (within Congress' war power to enact Veterans' Reemployment Rights Act which abrogated immunity); *Wickland Oil Terminals v. Asarco, Inc.*, 654 F.Supp. 955 (N.D.Cal.1987) (abrogation under Comprehensive Environmental Response, Compensation, and Liability Act).

11. The Court recognizes that "[t]here is federal jurisdiction to adjudicate an allegedly unconstitutional taking of property by a State where there is no other remedy by which the plaintiff may recover compensation for the taking." *Cobb Coin Co., Inc. v. Unidentified, Wrecked and Abandoned Sailing Vessel*, 549 F.Supp. 540, 553 n. 13 (S.D.Fla.1982), *citing, Fla. Dept. of State v. Treasure Salvors, Inc.*, 458 U.S. 670, 715 n. 13, 102 S.Ct. 3304, 3330 n. 13, 73 L.Ed.2d 1057 (1982) (White, J. concurring in part and dissenting in part). Plaintiff, however, has made no such allegation in the pleadings and did not favor the Court with a response to the motions to dismiss. Moreover, based on the limited facts in the complaint, the Attorney General's office suggests that Fla.Stat. § 768.28 plaintiff can maintain a "traditional tort" action for conversion against the state agency or agency head in his official capacity.

**606**

though Florida expressly waived its sovereign immunity for traditional torts under Fla.Stat. § 768.28, this waiver does not extend to "constitutional torts." *Gamble* at 1515. Specifically, § 768.28(16) provides that:

(16) No provision of this section, or of any other section of the Florida Statutes, whether read separately or in conjunction with any other provision, shall be construed to waive the immunity of the state or any of its agencies *from suit in federal court,* as such immunity is guaranteed by the Eleventh Amendment to the Constitution of the United States, unless such waiver is *explicitly and definitely* stated to be a waiver of the immunity of the state and its agencies from suit in federal court. This subsection shall not be construed to mean that the state has at any time previously waived, by implication, its immunity, or that of any of its agencies, from suit in federal court through any statute in existence prior to June 24, 1984. (emphasis added)

This statute expresses the enactment of the rigor of the sovereign immunity rule. In interpreting its mandate, the Court must construe the statute in a manner that will accomplish its legislative purpose. Thus, the language of the statute is clear: absent an "explicitly and definitely stated" waiver, Florida has *not* waived its immunity from suit in the *federal* courts. The complaint fails to reveal, and this Court's independent research did not disclose, any Florida statute that "explicitly and definitely" waives sovereign immunity for an allegedly unconstitutional taking of property. Consequently, the State of Florida is immune from this claim under the Eleventh Amendment and dismissal is therefore appropriate since limited federal jurisdiction has not been properly invoked. *Poirier v. Hodges,* 445 F.Supp. 838.

### III. Conclusion

For the reasons set forth herein, it is hereby

ORDERED AND ADJUDGED that the motion to dismiss filed by the United States is GRANTED. It is

FURTHER ORDERED AND ADJUDGED that the motion to dismiss filed by the State of Florida is GRANTED.