Merrill KARLEN, Rosemary Karlen, and Merrill Karlen and Rosemary Karlen as Trustees for Karlen Boys and Karlen Girls Trust, Plaintiff,

v.

UNITED STATES of America, Defendant.

Civ. No. 88–3010.

United States District Court, D. South Dakota, C.D.

Jan. 30, 1989.

David R. Gienapp, Arneson, Issenhuth & Gienapp, Madison, S.D., for plaintiff.

Ray P. Murley, Asst. U.S. Atty., Sioux Falls, S.D., for defendant.

## MEMORANDUM OPINION

DONALD J. PORTER, Chief District Judge.

On February 16, 1988, plaintiffs Merrill and Rosemary Karlen (the Karlens) filed a complaint in this case alleging that defendant United States had injured their property by negligently designing and constructing a road across the Karlens' land. The Karlens invoke the jurisdiction of this Court under 28 U.S.C. § 1346(b) and the Federal Tort Claims Act, 28 U.S.C. §§ 2671–2680.

On June 17, 1988, the United States filed a motion requesting this Court to dismiss the case for want of subject matter jurisdiction. The United States argues that the claim is a contract or inverse condemnation action for more than $10,000 and thus that only the United States Court of Claims has jurisdiction over this case pursuant to § 1346(a) and the Tucker Act, 28 U.S.C. 1491. The Karlens respond that the case is a tort action for negligence rather than a contract or property claim. Because the case passes initial review as a tort claim at this early stage, the motion to dismiss is denied.

## I. STANDARD FOR DISMISSAL

The United States bases its motion to dismiss for lack of subject matter jurisdiction on Rule 12(b)(1) of the Federal Rules of Civil Procedure. *See Bell v. Hood,* 327 U.S. 678, 682–83, 66 S.Ct. 773, 776, 90 L.Ed. 939 (1946). A party may challenge a court's subject matter jurisdiction under Rule 12(b)(1) either facially or factually. *Menchaca v. Chrysler Credit Corp.,* 613 F.2d 507, 511 (5th Cir.1980), *cert. denied,* 449 U.S. 953, 101 S.Ct. 358, 66 L.Ed.2d 217; *The 'In' Porters, S.A. v. Hanes Printables, Inc.,* 663 F.Supp. 494, 499 n. 5 (M.D.N.C.1987). When a party makes a factual challenge of subject matter jurisdiction by questioning the veracity of key jurisdictional facts, a federal court is to weigh the evidence and place upon the plaintiff the burden of proving sufficient facts to support subject matter jurisdiction. *Mortensen v. First Federal Sav. & Loan Ass'n,* 549 F.2d 884, 891–92 (3d Cir.1977); *Maine v. Thomas,* 690 F.Supp. 1106, 1109 (D.Me.1988). By contrast, this Court must consider the plaintiff's allegations to be true when the defendant challenges the facial sufficiency of the complaint to invoke jurisdiction.[1] *Mortensen,* 549 F.2d at 891; *Kline v. Henrie,* 679 F.Supp. 464, 468 (M.D.Pa.1988). Because the United States makes a facial attack on subject matter jurisdiction, this Court must assume for the purposes of deciding the motion to dismiss that the allegations in the complaint are true. Indeed, this Court has no choice but to assume the veracity of the complaint since the United States has not yet contested the facts or supplied any additional facts.

## II. FACTS

In 1980 and 1981, the United States, acting through the Bureau of Indian Affairs, obtained certain easement rights from the Karlens and built a road traversing the Karlens' property. The Karlens assert that the United States in constructing the road was negligent in seven different ways:

1) conducting ground work beyond the easement rights obtained, including es-

---

**1.** A facial challenge of subject matter jurisdiction is similar to a common law demurrer on the issue of jurisdiction.

tablishing "cut and fill slopes," utilizing "borrow," and relocating top soil;

2) disturbing approximately three acres of private land outside of the right of way by shortening the length of a drainage channel and increasing downstream flood potential and erosion;

3) placing drainage structures in such a manner and location as to cause significant erosion into downstream stock ponds, thus reducing the holding capacity of plaintiffs' stock dams;

4) failing to utilize standard erosion control protection;

5) improperly fencing next to the construction area which frustrated proper seeding and revegetation of disturbed ground, and failing to fence altogether, thus requiring plaintiff to incur the costs of fencing;

6) failing to take steps to control erosion; and

7) causing additional damage to land not acquired by easement.

The Karlens contend that these allegedly negligent acts caused a reduction in the market value of the land and resulted in the acquisition without just payment of 37.7 acres of additional easement and 17,800 cubic yards of additional borrow.[2] The complaint requests $229,600.00 as compensation for these injuries. Based on these assertions, this Court must determine whether it has subject matter jurisdiction.

## III. DISCUSSION

### A. *The Waiver of Sovereign Immunity in § 1346.*

■ As a sovereign, the United States is immune from suit unless it consents to be sued. The terms of the consent define this Court's jurisdiction over a suit against the United States. *United States v. Mitchell,* 445 U.S. 535, 538, 100 S.Ct. 1349, 1351–52, 63 L.Ed.2d 607 (1980). Under 28 U.S.C. § 1346(b) and the Federal Tort Claims Act (FTCA), the United States has consented to be sued in federal district courts in tort cases, but not in property or contract cases exceeding $10,000. Section 1346(a) and the Tucker Act grant the Court of Claims exclusive jurisdiction over property and contract suits against the United States exceeding $10,000. *See, e.g., Orange Ridge, Inc. v. Florida,* 696 F.Supp. 600, 603 n. 7 (S.D.Fla.1988) (Court of Claims has exclusive jurisdiction over fifth amendment taking claims for more than $10,000); *Sanborn v. United States,* 453 F.Supp. 651, 654 (E.D.Cal.1977) (Claims Court has exclusive jurisdiction over inverse condemnation claims exceeding $10,000); *Minnesota by Likins v. Weinberger,* 359 F.Supp. 789, 790 (D.Minn.1973) (contract action against United States for over $10,000 is not within district court jurisdiction). To determine whether a case against the United States presents a tort claim actionable in a district court under the FTCA and § 1346(b) or a Tucker Act claim with restricted district court jurisdiction under § 1346(a), a court should conduct a three step analysis: 1) categorizing the case as a tort, contract, or property action, or some combination thereof; 2) examining whether the Tucker Act rather than the FTCA truly provides the remedy for the action; and 3) determining if any special considerations in the case affect proper categorization.

### B. *The Complaint at Bar.*

#### 1. Categorization of the Case.

■ The mere fact that a complaint sounds in tort does not transform a contract or taking claim into a tort action cognizable under § 1346(b). The substance of the claim and not the characterization controls whether the claim is within § 1346(a) or § 1346(b). *United States v. Neustadt,* 366 U.S. 696, 703, 81 S.Ct. 1294, 1298–99, 6 L.Ed.2d 614 (1961); *Putnam Mills Corp. v. United States,* 432 F.2d 553, 554 (2d Cir.1970); *Bosco v. U.S. Army*

---

**2.** This assertion of "acquisition without just payment" certainly sounds of a fifth amendment taking. However, this Court must look beyond both this conclusory statement of an uncompensated taking and the Karlens' repeated references to defendant's negligence, and must examine the substance of the claims to determine whether the action fits under § 1346(a) or § 1346(b). *Myers v. United States,* 323 F.2d 580, 583 (9th Cir.1963).

*Corps of Engineers,* 611 F.Supp. 449, 452 (N.D.Tex.1985).

The Karlens' complaint in essence alleges three types of misconduct by the United States: improper flood and erosion control; groundwork exceeding rights granted by the easement; and inadequate fencing. The complaint sounds in negligence throughout, but only the claim of improper erosion and flood control appears to present a colorable negligence claim. Yet even the allegation of negligent flood and erosion control arguably is a claim for nuisance, trespass, or even a fifth amendment taking; the evidence presently is too sketchy to permit definitive categorization of the claim. The allegations of groundwork outside of the government's easement rights resemble a trespass or nuisance claim, though it may be founded in property or contract law. The inadequate fencing count seems to allege a breach of contract, assuming that defendant's responsibility for fencing derived from a contract. This Court has not seen the easement agreement between the parties and thus cannot determine to what extent the inadequate fencing claim truly is for breach of contract.[3] Consequently, this Court will focus upon defendant's argument that the complaint truly is a fifth amendment inverse condemnation action. *See generally United States v. Clarke,* 445 U.S. 253, 100 S.Ct. 1127, 63 L.Ed.2d 373 (1980) (explaining inverse condemnation).

2. *Whether the Claim is Truly a Taking Action Within the Tucker Act.*

■ The determination of whether a claim is an actionable taking under the Tucker Act is a jurisdictional question governed by federal law. 2 L. Jayson, Handling Federal Tort Claims § 212.05, at 9–32 (1988); *cf., Elledge v. City of Hannibal,* 573 F.Supp. 1040, 1044 (E.D.Mo.1983) ("what constitutes a 'taking' by the United States is a 'federal question' governed entirely by federal law"). Traditionally, an isolated destructive act of the United States without an intent to acquire a property right created a cause of action in tort, while frequent and regular use of property by the government or use depriving the owner of all or most of his interest in the property constituted a taking. *Compare Keokuk & Hamilton Bridge Co. v. United States,* 260 U.S. 125, 43 S.Ct. 37, 67 L.Ed. 165 (1922) (single blasting operation by United States is a tort, not a taking); *with Stover v. United States,* 332 F.2d 204 (9th Cir.1964), *cert. denied,* 379 U.S. 922, 85 S.Ct. 276, 13 L.Ed.2d 335 (only permanent or inevitably recurring flood is a taking); *see also Harris v. United States,* 205 F.2d 765, 767–68 (10th Cir.1953).

The United States Supreme Court in recent years has issued a number of decisions acknowledging that there is no set formula for determining when property is taken. Rather, the Supreme Court has adopted an ad hoc, factual inquiry into whether a taking has occurred. Several relevant factors in this analysis include the economic impact of the government action, the interference with reasonable investment backed expectations, and the character of the governmental action. *See Hodel v. Irving,* 481 U.S. 704, 714–16, 107 S.Ct. 2076, 2082–83, 95 L.Ed.2d 668, 679–80 (1987); *Ruckelshaus v. Monsanto Co.,* 467 U.S. 986, 1004–07, 104 S.Ct. 2862, 2873–75, 81 L.Ed.2d 815 (1984); *Kaiser Aetna v. United States,* 444 U.S. 164, 174–75, 100 S.Ct. 383, 62 L.Ed.2d 332 (1979); *Penn Central Transp. Co. v. New York City,* 438 U.S. 104, 124–27, 98 S.Ct. 2646, 2659–61, 57 L.Ed.2d 631 (1978). The limited information currently available constrains this Court from conducting a thorough factual inquiry into whether there was a taking of the Karlens' property such that the Tucker Act and not the FTCA provides the remedy.

To argue that § 1346(a) and the Tucker Act govern this case, the United States relies heavily on *Myers v. United States,* 323 F.2d 580 (9th Cir.1963). The plaintiffs in *Myers* requested a damage award under

---

**3.** This Court declines to dismiss the improper fencing count even though it does not seem to be a tort claim, because § 1346 grants a district court jurisdiction over contract actions against the government not exceeding $10,000. The fencing claim may be dismissed at a later date if it appears that jurisdiction is lacking.

548

the FTCA for trespass and waste resulting from road construction which allegedly altered private roads and driveways, involved unauthorized digging and destruction of lands, destroyed timber and trees, resulted in parking equipment on private land, obstructed entry to places of business, and made it necessary to move one plaintiff's house. After reviewing these allegations, the *Myers* court tersely concluded:

> To us the claims of appellants are founded upon the [fifth amendment to the] Constitution, and the acts of the United States complained of are in the nature of [a taking by] inverse condemnation.

*Id.* at 583. The court thus held that the Court of Claims had exclusive jurisdiction over the case. *See also Roman v. Velarde,* 428 F.2d 129, 132 (1st Cir.1970) ("FTCA does not provide a supplementary forum for plaintiff demanding compensation for land permanently taken.").

Though *Myers* is analogous, this Court declines to follow *Myers* for several reasons. First, *Myers* not only is not binding precedent in this Court, but also is not directly on point. Because determination of whether a claim asserts a taking or a tort action is fact intensive, cases like *Myers* are useful by analogy, but rarely provide conclusive guidance. *Myers* in particular provides limited guidance since the court simply decided that the case was a taking action with very scant analysis and explanation. Indeed, unlike the instant case, *Myers* did not involve any assertions of negligence. *Myers* certainly does not support the assertion that all damages resulting from construction of a federal road are cognizable only under the Tucker Act. Moreover, since *Myers,* the Ninth Circuit itself has adopted a somewhat less restrictive approach to finding jurisdiction under § 1346(b) and the FTCA. *See Walsh v. United States,* 672 F.2d 746 (9th Cir.1982) (claim sounds essentially in tort rather than contract when a landowner sued the United States as owner of a highway easement for negligently permitting cattle guards to become damaged).

■ Second, *Myers* overlooked a number of cases permitting a plaintiff to sue in tort despite the possibility of jurisdiction in the Court of Claims under the Tucker Act.[4] Though the Karlens arguably could sue in the Court of Claims for a fifth amendment taking through inverse condemnation, this Court is reluctant to dismiss the case at this early stage when tort theories support the suit.[5]

### 3. Special Considerations.

A final basis on which to distinguish *Myers* is that the *Myers* case had been completely litigated before a conclusive characterization of the claims took place. In contrast, this Court has only the sketchy allegations of the Karlens' complaint with which to work. The sparsity of information available frustrates attempts to cate-

---

**4.** Based on *Aleutco Corp. v. United States,* 244 F.2d 674 (3rd Cir.1957); *New England Helicopter Serv., Inc. v. United States,* 132 F.Supp. 938 (D.R.I.1955); *Palomo v. United States,* 188 F.Supp. 633 (D.Guam 1960), this point of law has been summarized as follows:

> Since jurisdiction under the Federal Tort Claims Act is limited to actions sounding in tort and the jurisdiction of the Court of Claims expressly excludes such claims, it is clear that the remedies provided by the statutes are normally mutually exclusive. However, in certain cases where, at common law, the plaintiff would have had an option to sue either in tort or contract, a question has been presented as to whether the possible remedy in contract under the Tucker Act precluded the Tort Claims Act proceeding. It has been held that the tort action could be maintained in these circumstances.

Annotation, *Remedy Under Other Federal Statutes as Affecting Relief Under Federal Tort Claims Act,* 84 A.L.R.2d 1059, 1071 (1962). In *Hatzlachh Supply Co., Inc. v. United States,* 444 U.S. 460, 100 S.Ct. 647, 62 L.Ed.2d 614 (1980), the United States Supreme Court appeared to recognize that remedies under the FTCA and Tucker Act are not mutually exclusive. A few courts, however, have decided that claims cannot be cognizable under both § 1346(a) and § 1346(b). *See, e.g., Woodbury v. United States,* 313 F.2d 291, 296 (9th Cir.1963); *United States v. Drinkwater,* 434 F.Supp. 457, 461 (E.D.Va. 1977).

**5.** An action against the United States for trespass may be cognizable in this Court under the FTCA. *Hatahley v. United States,* 351 U.S. 173, 76 S.Ct. 745, 100 L.Ed. 1065 (1956); (trespass actionable under FTCA); *Bartels v. Anaconda Co.,* 304 N.W.2d 108, 110 (S.D.1981) (South Dakota recognizes trespass cause of action).

gorize this case as under § 1346(a) or § 1346(b), and makes a dispositive characterization premature under the circumstances. *Cf., Chatham Condominium Ass'ns v. Century Village, Inc.,* 597 F.2d 1002, 1012 (5th Cir.1979) ("dismissal for lack of subject matter jurisdiction prior to trial, and certainly prior to giving the plaintiff ample opportunity for discovery, should be granted sparingly"); *see also Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957); *Clark v. Tarrant County, Texas,* 798 F.2d 736, 741 (5th Cir.1986) (reluctance to dismiss for lack of subject matter jurisdiction "where factual findings regarding subject matter jurisdiction are intertwined with the merits"); *but see Air Line Pilot Ass'n v. Northwest Airlines, Inc.,* 444 F.Supp. 1138, 1142 (D.D.C. 1978), *aff'd, rev'd and vacated in part on other grounds,* 627 F.2d 272 (D.C.Cir.1980) (dismissal before discovery appropriate in certain cases). The dearth of information currently available about this claim is a special consideration militating against granting the motion to dismiss.

## C. *Conclusion.*

 Dismissal of this case at this time therefore is inappropriate. However, if discovery reveals that the tort claims are contrived and that the action actually is for a breach of contract or taking, this Court would entertain another motion to dismiss under Rule 12(b)(1) of the Federal Rules of Civil Procedure. Rule 12(h)(3) permits a defendant to challenge subject matter jurisdiction at any time during the proceeding even if the defendant has previously filed a Rule 12(b) motion. *North American Cold Storage v. County of Cook,* 531 F.Supp. 1003, 1005 (N.D.Ill.1982). Moreover, this Court can raise the issue of subject matter jurisdiction sua sponte during the pendency of the case. *United States v. Hutchings,* 835 F.2d 185, 186 (8th Cir.1987). Accordingly, defendant's motion to dismiss for want of subject matter jurisdiction is denied.