MARINE COATINGS OF ALABAMA, INC., Plaintiff-Appellant,

v.

UNITED STATES of America, Defendant-Appellee.

No. 85–7612.

United States Court of Appeals, Eleventh Circuit.

July 9, 1986.

K.W. Michael Chambers, Johnstone, Adams, Howard, Bailey & Gordon, Joseph M. Allen, Jr., I. David Cherniak, Mobile, Ala., for plaintiff-appellant.

Thomas L. Jones, Civil Div., U.S. Dept. of Justice, Washington, D.C., Richard K. Willard, Acting Asst. Atty. Gen., Edward J. Vulevich, Jr., Asst. U.S. Atty., Mobile, Ala., for defendant-appellee.

Before HILL and CLARK, Circuit Judges, and HENDERSON, Senior Circuit Judge.

**Corrected.**

HENDERSON, Senior Circuit Judge:

Braswell Shipyards (Braswell) contracted with the defendant-appellee United States government for repairs to three United

States Navy vessels.[1] Braswell subcontracted the work to the plaintiff-appellant Marine Coatings of Alabama, Inc. (MCI), which performed the work. The government then paid Braswell substantially all the money due under the contract but Braswell did not in turn compensate MCI. Not surprisingly MCI sued Braswell for breach of contract. Braswell, however, soon thereafter filed a Chapter 11 bankruptcy petition and MCI filed this action against the government[2] alleging jurisdiction under the Suits in Admiralty Act, 46 U.S.C. §§ 741–52 (SAA).

On the day trial was to begin, the United States District Court for the Southern District of Alabama heard oral argument on the question of that court's subject matter jurisdiction over the action. The court found no subject matter jurisdiction because (1) MCI's suit was precluded by § 788 of the Public Vessels Act, 46 U.S.C. §§ 781–89 (PVA), and, alternatively, (2) MCI could not establish its right to a maritime lien were the vessels privately owned—a necessary condition precedent to jurisdiction under the SAA. The district court therefore dismissed the action for want of subject matter jurisdiction, *see* Fed.R.Civ.P. 12(h)(3), and this appeal followed.

The so-called "Maritime Lien Act," 46 U.S.C. §§ 971–75 (MLA)[3] allows providers of "repairs, supplies ... or other necessaries, to any vessel ... upon the order of the owner of such vessel, or of a person authorized by the owner" to enforce a maritime lien on the vessel. 46 U.S.C. § 971. Section 742 of the SAA provides that

> In cases where if such vessel [owned by the United States] were privately owned or possessed, ... a proceeding in admiralty could be maintained, any appropriate nonjury proceeding in personam may be brought against the United States....

46 U.S.C. § 742. MCI argues that because it would be entitled to a maritime lien under § 971 of the MLA were the three vessels privately owned, it could therefore seek damages under the waiver of sovereign immunity found in § 742 of the SAA.

As stated, the district court dismissed the case on two grounds. First, it found that the following section of the Public Vessels Act, 46 U.S.C. §§ 781–89 (PVA), barred subject matter jurisdiction:

> Nothing contained in this chapter shall be construed to recognize the existence of or as creating a lien against any public vessel of the United States.

46 U.S.C. § 788.[4] Alternatively, the court found that even if the PVA were inapplicable, there was no subject matter jurisdiction under the SAA because MCI would not be able to prove its "analogous right to maintain a suit to enforce a maritime lien against a privately owned vessel" under 46 U.S.C. § 971 as required by § 742 of the SAA. The court reached this conclusion because "a ship repair contractor is not one within the meaning of § 971 [of the MLA] who is authorized by the owner to procure repairs, supplies, etc. so as to create a maritime lien on the vessel."

The first inquiry on appeal is whether *Bell v. Hood*, 327 U.S. 678, 679, 66 S.Ct. 773–74, 90 L.Ed. 939, 940 (1946) commands the assumption of jurisdiction by the district court. MCI contends that the government's jurisdictional attack under the PVA actually was an attack on the merits. *See Williamson v. Tucker*, 645

---

**1.** The three ships were identified by MCI as the USNS NEOSHU, USNS YRST–2 and the USNS SCHEREZADE. Actually, the latter two vessels apparently are not United States Naval ships and thus do not properly warrant the "USNS" designation. *See* 32 C.F.R. § 700.305. It is unclear if the SCHEREZADE was named, albeit ineptly, for Scheherazade, teller of the Arabian Nights tales.

**2.** MCI is not protected by a suretyship agreement because in its contract with Braswell the United States waived the materialman's bond.

**3.** 46 U.S.C. §§ 971–75 has no official title. For ease of citation, and in recognition of common usage, those sections will be referred to as the Maritime Lien Act or MLA.

**4.** The PVA is contained in chapter 22, the SAA in chapter 20, and the MLA in Chapter 25. All are in Title 46.

F.2d 404, 415–16 (5th Cir.), *cert. denied,* 454 U.S. 897, 102 S.Ct. 396, 70 L.Ed.2d 212 (1981).[5] We agree.

■ In *Bell* the Supreme Court held that Whether the complaint states a cause of action on which relief could be granted is a question of law and ... it must be decided after and not before the court has assumed jurisdiction over the controversy. If the court does later exercise its jurisdiction to determine that the allegations do not state a ground for relief, then dismissal of the case would be on the merits, not for want of jurisdiction. *Bell,* 327 U.S. at 682, 66 S.Ct. at 776, 90 L.Ed. at 943. According to *Bell,* if a complaint seeks relief under the Constitution or the laws of the United States, dismissal generally must be for failure to state a claim, *see* Fed.R.Civ.P. 12(b), not for want of jurisdiction.[6] *See Bell,* 327 U.S. at 681–83, 66 S.Ct. at 775–76, 90 L.Ed. at 942–43; *Williamson,* 645 F.2d at 415–16; Fed.R. Civ.P. 12(b)(1), 12(h)(3).

While applying *Bell* is somewhat problematic,[7] it is even more so under the facts of this case because *Bell* concerned only federal question jurisdiction. *Bell,* 327 U.S. at 681, 66 S.Ct. at 775, 90 L.Ed. at 943. The Supreme Court, however, has held that admiralty claims do not arise under the laws of the United States within the meaning of 28 U.S.C. § 1331(a) and thus are not federal question cases. *Romero v. International Terminal Operating Co.,* 358 U.S. 354, 367, 79 S.Ct. 468, 477, 3 L.Ed.2d 368, 379 (1959). Instead, jurisdiction over admiralty suits is conferred on the district courts by 28 U.S.C. § 1333. Consequently, *Bell* does not apply to suits in admiralty.

■ We are persuaded, however, that the rationale enunciated in *Bell* is applicable to admiralty cases. When a complaint is drawn so as to seek recovery under the admiralty laws, the federal court, but for two possible exceptions, must entertain the suit. *See Bell,* 327 U.S. at 681–82, 66 S.Ct. at 775–76, 90 L.Ed. at 943. The two exceptions, neither of which is asserted in this case, are the same as those in *Bell:* "a suit may sometimes be dismissed for want of jurisdiction where the alleged claim ... clearly appears to be immaterial and made solely for the purpose of jurisdiction or where such a claim is wholly insubstantial and frivolous." *Id.* at 682–83, 66 S.Ct. at 776, 90 L.Ed at 943. Dismissal in the normal course, but for the two exceptions, therefore must be for failure to state a claim for which relief can be granted. We therefore treat the district court's dismissal of MCI's claim for lack of jurisdiction as an *ex mero motu* dismissal for failure to state a claim. *See* Fed.R.Civ.P. 12(b)(6).

■ Whether MCI failed to state a claim for which relief can be granted must be ascertained solely from the face of the complaint. In this case, however, the district court necessarily must have considered matters outside the complaint.[8] By doing so the court constructively converted its *sua sponte* 12(b)(6) motion into a Fed.R. Civ.P. 56 motion for summary judgment. *See Property Management & Invest-*

---

**5.** In *Bonner v. City of Prichard,* 661 F.2d 1206 (11th Cir.1981) (en banc), this court adopted as precedent all decisions of the former Fifth Circuit Court of Appeals decided prior to October 1, 1981.

**6.** This rule is subject to two exceptions. There may be a dismissal for lack of jurisdiction when the alleged claim "clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or where such a claim is wholly insubstantial and frivolous." *Bell,* 327 U.S. at 682–83, 66 S.Ct. at 776–77, 90 L.Ed. at 943.

**7.** *Bell* has been referred to as "a legal land mine" and "one of the most cryptic [cases] in

the recent history of this Court's jurisprudence." *Yazoo County Industrial Development Corp. v. Suthoff,* 454 U.S. 1157, 1159, 102 S.Ct. 1032, 1033, 71 L.Ed.2d 316, 316 (1982) (Rehnquist, J., dissenting from denial of cert.).

**8.** The district court found the three ships to be "public vessels" for purposes of the PVA. The sole information in the complaint relevant to this question was an allegation by MCI that the ships were involved in commerce—and consequently not public vessels. The court's conclusion therefore demonstrates that it must have relied on information outside the complaint.

*ments, Inc. v. Lewis,* 752 F.2d 599, 604 (11th Cir.1985); Fed.R.Civ.P. 12(b)(6).

The cases from this circuit are clear that before a motion to dismiss may be converted to one for summary judgment the court must first communicate its intention to the parties to so treat the motion and then allow the parties ten days to submit any relevant evidence and argument in support or opposition to the merits. *See Milburn v. United States,* 734 F.2d 762, 766 (11th Cir.1984). Although this notice requirement is a "brightline test," *id.,* litigants may waive the notice, *Hickey v. Arkla Industries, Inc.,* 615 F.2d 239, 240 n 2 (5th Cir.1980), or the court can take ex post facto measures to cleanse the error. *E.g., Spence v. Latting,* 512 F.2d 93, 97 (10th Cir.) (court granted defendant 10 days to respond *after* oral argument on summary judgment), *cert. denied,* 423 U.S. 896, 96 S.Ct. 198, 46 L.Ed.2d 129 (1975). A panel of this court also has recognized that when the parties are aware of the court's intent to consider matters outside the record and have presented all the materials and arguments they would have if proper notice had been given, failure to notify may be harmless error. *Property Management,* 752 F.2d at 605. None of these exceptions are present here.

Additionally, although MCI has not complained of lack of notice before us, we are compelled to raise it on our own initiative. First, in view of the procedural posture of this case, it would be inequitable to treat MCI as having waived this defense. The trial court considered the entire matter as a jurisdictional issue. The disposition was not labeled a summary judgment until the appellate stage. MCI can hardly be penalized for failure to object to a lack of notice given this confused procedural history. Second, this court has held that "we are compelled by our own precedent to note *sua sponte* that the court below failed to

adhere to the [10 day notice] requirements of Fed.R.Civ.P. 56(c)." *Griffith v. Wainwright,* 772 F.2d 822, 824 (11th Cir.1985).

The same analysis governs the district court's alternative ground for dismissal. To create a maritime lien under § 971 of the MLA, repair work on a ship must have been performed "upon the order of the owner of such vessel, or of a person authorized by the owner." 46 U.S.C. § 971. The district court found that MCI could not prove that Braswell Shipyards was authorized by the government to order the repairs and therefore could not establish its entitlement to a maritime lien if the three Navy vessels were privately owned. *See* 46 U.S.C. § 742. In the court's view, MCI could not demonstrate the necessary factual predicate to lay jurisdiction in the district court.

We cannot agree with this conclusion. This scenario does not defeat subject matter jurisdiction, as explained in our earlier reasoning applying *Bell v. Hood,* 327 U.S. 678, 679, 66 S.Ct. 773, 774, 90 L.Ed. 939, 940 (1946). Instead, we find that the district court had subject matter jurisdiction, *see* Fed.R.Civ.P. 12(b)(1), and dismissed MCI's claim for failure to state a claim for which relief may be granted. *See id.* Rule 12(b)(6).

█ Obviously, conclusory allegations in the complaint need not be taken as true and the plaintiff must allege sufficient facts to support his allegations. Nevertheless, a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts to support his cause of action. *Hepperle v. Johnston,* 544 F.2d 201, 202 (5th Cir.1976). The sole allegation in the complaint relevant to this issue is a contention that Braswell was authorized by the government to procure repairs and supplies for the three vessels.[9] A dismissal for failure to state a claim is proper in such

---

9. Specifically, the complaint stated "At all times material hereto, Braswell was authorized by the Defendant to procure repairs and maintenance work on these Vessels." The complaint also alleged that Braswell subcontracted with MCI for such work.

a setting only if no contractor may be authorized by the owner to procure repairs. While it is true that a shipyard contractor is not presumed to be a "person authorized by the owner," *Sands Construction Co. v. United Virginia Bank*, 1985 A.M.C. 1165, 1167 (E.D.Va.), and that a subcontractor may not recover against the United States on the basis of the contract between the prime contractor and the United States, *Gardiner Manufacturing Co. v. United States*, 479 F.2d 39, 40 (9th Cir.1973), in certain situations contractors may be authorized by the owner to procure repairs and supplies from subcontractors. *See. Dampskibsselskabet Dannebrog v. Signal Oil & Gas Co.*, 310 U.S. 268, 278–80, 60 S.Ct. 937, 942–43, 84 L.Ed. 1197, 1203–04 (1940); *Farrell Ocean Services, Inc. v. United States*, 524 F.Supp. 211, 214 (D.Mass.1981), *aff'd in part, rev'd in part on other grounds*, 681 F.2d 91 (1st Cir. 1982); *Jan C. Uiterwyck Co. v. M/V MARE ARABICO*, 459 F.Supp. 1325, 1331 (D.Md.1978).

The unmistakable conclusion is that the district court relied on knowledge not contained in the complaint in deciding Braswell was not authorized by the government to procure repairs from MCI. In such circumstances the district court's disposition was a summary judgment. *See Property Management & Investments, Inc. v. Lewis*, 752 F.2d 599, 604 (11th Cir.1985). As mentioned *supra*, this procedure runs afoul of the ten-day notice requirement postulated in *Milburn v. United States*, 734 F.2d 762, 766 (11th Cir.1984), an error we are compelled to correct even in the absence of an objection by MCI. *See Griffith v. Wainwright*, 772 F.2d 822, 824 (11th Cir. 1985).[10]

Accordingly, the judgment of the district court is VACATED and the case is REMANDED for proceedings consistent with this opinion.

10. The government claims that MCI failed to demonstrate that it had complied with the Contract Disputes Act, 41 U.S.C. §§ 601–613. This issue was not addressed by the district court and we decline to review it in the first instance on so limited a record.