[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-13930
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 28, 2011
JOHN LEY
CLERK

D.C. Docket No. 6:10-cv-00523-ACC-KRS

RENEE D. BELL,

                                                    Plaintiff-Appellant,

versus

HCR MANOR CARE FACILITY OF WINTER PARK,
METRO WEST FACILITY, Sovereign Healthcare of Metro West, LLC,
ORMC, Physician Dr. Haver,

                                                    Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(June 28, 2011)

Before WILSON, MARTIN, and BLACK, Circuit Judges.

PER CURIAM:

Renee D. Bell ("Bell"), proceeding pro se, appeals the district court's dismissal of her complaint against HCR Manor Care Facility of Winter Park, Metro West Facility, and Dr. Haver (collectively "Defendants") for lack of subject matter jurisdiction. Bell, as personal representative of Sylvia C. Fann's ("Fann") estate, sued Defendants for medical malpractice and wrongful death, under 42 U.S.C. § 1983 and the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346. The district court granted Defendants' motions to dismiss under Federal Rule of Civil Procedure 12(b)(1) after concluding that it lacked jurisdiction. After thorough review, we affirm on the basis that Bell failed to state a claim upon which relief can be granted.

Bell argues that the district court erred in dismissing her complaint because the court had federal question jurisdiction over her § 1983 claim.[1] See 28 U.S.C. § 1331. We review de novo an order dismissing a case for lack of subject matter jurisdiction. See Sinaltrainal v. Coca-Cola Co., 578 F.3d 1252, 1260 (11th Cir. 2009). The district court concluded that it lacked subject matter jurisdiction

---

[1] Bell conceded before the district court that the parties lack diversity of citizenship because Bell and one of the defendants are citizens of the same state. See Legg v. Wyeth, 428 F.3d 1317, 1320 n.2 (11th Cir. 2005) ("Federal diversity jurisdiction under 28 U.S.C. § 1332 requires 'complete diversity'—the citizenship of every plaintiff must be diverse from the citizenship of every defendant."). Bell does not argue otherwise on appeal.

because Bell's "claims have no plausible foundation." "The test of federal jurisdiction is not whether the cause of action is one on which the claimant can recover. Rather the test is whether the cause of action alleged is so patently without merit as to justify . . . dismissal for want of jurisdiction." McGinnis v. Ingram Equip. Co., Inc., 918 F.2d 1491, 1494 (11th Cir. 1990) (en banc) (quotation marks omitted). "Where the defendant's challenge to the court's jurisdiction is also a challenge to the existence of a federal cause of action, the proper course of action for the district court . . . is to find that jurisdiction exists and deal with the objection as a direct attack on the merits of the plaintiff's case." Id. (quotation marks omitted); see also SEC v. Mutual Benefits Corp., 408 F.3d 737, 741–42 (11th Cir. 2005) (explaining that ordinarily a motion to dismiss for lack of subject matter jurisdiction that directly attacks the merits of a claim "is best resolved through a Rule 56 motion for summary judgment or a Rule 12(b)(6) failure to state a claim").

Here, the district court erred by dismissing Bell's complaint for lack of subject matter jurisdiction because Defendants' motion to dismiss directly challenged the merits of Bell's federal claims. See Mutual Benefits Corp., 408 F.3d at 741–42; McGinnis, 918 F.2d at 1494. Defendants expressly relied on Federal Rule of Civil Procedure 12(b)(6), in addition to Rule 12(b)(1), in their

3

motion to dismiss. "[A]s a general rule a claim cannot be dismissed for lack of subject matter jurisdiction because of the absence of a federal cause of action." Williamson v. Tucker, 645 F.2d 404, 416 (5th Cir. 1981).[2] "The exceptions to this rule are narrowly drawn, and are intended to allow jurisdictional dismissals only in those cases where the federal claim is clearly immaterial or insubstantial." Id.; see also Bell v. Hood, 327 U.S. 678, 682–83, 66 S. Ct. 773, 776–77 (1946) (explaining that a jurisdictional dismissal may be appropriate where the federal claim "clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or where such claim is wholly insubstantial and frivolous"). Bell's § 1983 and FTCA claims formed the basis, and thus a substantial and material part, of her complaint. Instead of dismissing Bell's complaint for lack of subject matter jurisdiction, the district court should have found that jurisdiction existed and evaluated Bell's claims under Fed. R. Civ. P. 12(b)(6). See Marine Coatings of Ala., Inc. v. United States, 792 F.2d 1565, 1567 (11th Cir. 1986) ("[I]f a complaint seeks relief under the Constitution or laws of the United States, dismissal generally must be for failure to state a claim . . . not for want of jurisdiction." (citation omitted)).

---

[2] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), we adopted as binding precedent all decisions of the former Fifth Circuit handed down before October 1, 1981.

4

We affirm the dismissal of Bell's § 1983 and FTCA claims, however, because Bell failed to state a claim upon which relief can be granted.[3]  When reviewing a motion to dismiss under 12(b)(6) for failure to state a claim, we must accept the allegations in the complaint as true and construe them in the light most favorable to the plaintiff.  See Ironworkers Local Union 68 v. AstraZeneca Pharms., LP, 634 F.3d 1352, 1359 (11th Cir. 2011).  We need not, however, accept the legal conclusions in the complaint as true.  See Sinaltrainal, 578 F.3d at 1260.  "[T]he complaint must . . . contain sufficient factual matter, accepted as true, to state a claim to relief that is *plausible on its face*."  AstraZeneca Pharms., 634 F.3d at 1359 (quotation marks omitted); see also Ashcroft v. Iqbal, —U.S.—, 129 S. Ct. 1937, 1949 (2009); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974 (2007).

"To state a claim for relief in an action brought under § 1983, [a plaintiff] must establish that [she was] deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under

---

[3] "[W]e may affirm the district court on any ground that appears in the record, whether or not that ground was relied upon or even considered by the court below." Roswell v. BellSouth Corp., 433 F.3d 794, 797–98 (11th Cir. 2005) (quotation marks omitted); see also Powers v. United States, 996 F.2d 1121, 1123–24 (11th Cir. 1993) (same).

5

color of state law."[4]  Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49–50, 119

S. Ct. 977, 985 (1999); see also Griffin v. City of Opa-Locka, 261 F.3d 1295, 1303

(11th Cir. 2001).  "A person acts under color of state law when he acts with

authority possessed by virtue of his employment with the state."  Griffin, 261 F.3d

at 1303.  "The dispositive issue is whether the official was acting pursuant to the

power he/she possessed by state authority or acting only as a private individual."

Id. (quotation marks omitted).  "[T]he under-color-of-state-law element of § 1983

excludes from its reach merely private conduct, no matter how discriminatory or

wrong."  Sullivan, 526 U.S. at 49–50, 119 S. Ct. at 985 (quotation marks omitted).

"[T]he inquiry must be whether there is a sufficiently close nexus between the

State and the challenged action of the regulated entity so that the action of the

latter may be fairly treated as that of the State itself."  Sims v. Jefferson Downs,

Inc., 611 F.2d 609, 611 (5th Cir. 1980).

In Bell's complaint, she alleges that Defendants acted under color of state

law while caring for her mother because they were "licens[ed] by the state of

Florida to run [a] nursing care facility."  The fact that a nursing home is licensed

---

[4] We decline to consider the claims that Bell raised in her second amended complaint. Bell filed that complaint, without leave of court and without Defendants' consent, after she had already amended her initial complaint once as a matter of course.  The claims that she raised in her second amended complaint therefore were never properly before the district court.  See Fed. R. Civ. P. 15(a)(2).

or regulated by a state, however, does not alone establish state action. See <u>Blum</u>

<u>v. Yaretsky</u>, 457 U.S. 991, 1011–12, 102 S. Ct. 2777, 2789–90 (1982) (concluding

that privately owned and operated nursing homes' state licensure, regulation and

partial funding did not render decisions to discharge or transfer patients state

action under the Fourteenth Amendment);[5] <u>see also</u> <u>Sims</u>, 611 F.2d 609, 611 (5th

Cir. 1980) ("The fact of heavy state regulation does not, in itself, transform

otherwise private actions into state actions for purposes of the Fourteenth

Amendment and section 1983.").

Bell challenges the medical treatment that two private nursing homes and a

physician in a private hospital provided to Fann. Specifically, Bell argues that

Defendants improperly cleaned and cared for an open wound on Fann's back such

that the wound became infected. Bell also argues that Defendants' negligence

caused Fann's death. However, "decisions [that] ultimately turn on medical

judgments made by private parties according to professional standards that are not

established by the State" do not amount to state action. <u>Blum</u>, 457 U.S. at 1008,

102 S. Ct. at 2788; <u>see also</u> <u>Greco v. Orange Mem'l Hosp. Corp.</u>, 513 F.2d 873,

877 (5th Cir. 1975) ("[A] private hospital is subject to the provisions of 42 U.S.C.

---

[5] Conduct which satisfies the "state action" requirement of the Fourteenth Amendment also satisfies the "under color of state law" requirement of section 1983. <u>See</u> <u>Lugar v. Edmondson Oil Co.</u>, 457 U.S. 922, 935, 102 S. Ct. 2744, 2752 (1982).

§ 1983 and the Fourteenth Amendment only if its activities are significantly affected with state involvement." (footnotes omitted)).

Bell's complaint targets merely private conduct, which § 1983 does not reach. The treatment decisions that form the basis of Bell's complaint constitute medical judgments made by private parties and therefore fall outside the ambit of § 1983. Bell's § 1983 claim fails to establish a claim for relief that is plausible on its face. See AstraZeneca Pharms., 634 F.3d at 1359; see also Iqbal,129 S. Ct. at 1949; Twombly, 550 U.S. at 570, 127 S. Ct. at 1974.

Although Bell also sued Defendants under the FTCA, that claim fails because defendants are neither federal agencies nor federal officials and were not acting on the federal government's behalf. See 28 U.S.C. § 1346(b)(1) (explaining that the FTCA covers "personal injury or death caused by the negligent or wrongful act or omission of any employee of the [federal] Goverment while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant"). Dismissal of that claim, therefore, is appropriate under Rule 12(b)(6). See Iqbal,129 S. Ct. at 1949; Twombly, 550 U.S. at 570, 127 S. Ct. at 1974.

For these reasons, we AFFIRM the district court's dismissal of Bell's federal claims. We VACATE the district court's opinion to the extent the district

8

court concluded that it lacked subject matter jurisdiction and REMAND to allow the district court to decide whether to exercise supplemental jurisdiction over Bell's state law claims. See 28 U.S.C. § 1367(c).

AFFIRMED, in part, VACATED, in part, and REMANDED, in part.