[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 12-16518
Non-Argument Calendar

_____

D.C. Docket No. 6:12-cv-00577-ACC-DAB

BENITO SANTIAGO,

Plaintiff-Appellee,

versus

GEORGE M. EVANS,

Defendant-Appellant,

BENNYBETH & JR'S EXPRESS,
her boats, engines, tackle, equipment, apparel,
furnishings, freights and appurtenances, etc., et al.,

Defendants.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(November 4, 2013)

Before MARCUS, PRYOR and MARTIN, Circuit Judges.

PER CURIAM:

George Evans, proceeding pro se, appeals from the judgment entered in favor of Benito Santiago, after a bench trial on Santiago's claim asserted under admiralty jurisdiction, 28 U.S.C. § 1333(1).   On appeal, Evans argues that: (1) the district court improperly exercised its admiralty jurisdiction because the case was actually a dispute over the validity of a contract for the sale of Bennybeth & JR'S Express ("vessel"); (2) the district court erred by declaring the contract for the sale of the vessel void rather than voidable; and (3) the district court erred by failing to dismiss Santiago's action because he perpetrated a fraud on the court.  For his part, Santiago argues that Evans lacks standing on appeal because he does not claim possession of the vessel, and the party who claimed possession below -- HH & DD Holdings of Florida, LLC ("HH & DD"), to whom Evans had sold the vessel -- settled with Santiago after the bench trial.  After careful review, we affirm.

We review questions of standing de novo.  Elend v. Basham, 471 F.3d 1199, 1204 (11th Cir. 2006).   We review de novo questions concerning subject-matter jurisdiction. Id.   After a bench trial, we review the district court's legal conclusions de novo and the district court's factual findings for clear error. Proudfoot Consulting Co. v. Gordon, 576 F.3d 1223, 1230 (11th Cir. 2009).

To begin with, we are unpersuaded by Santiago's claim that Evans lacks standing to pursue this appeal.  The primary standing limitation on a litigant in the appellate setting is that only litigants who are aggrieved by the lower court's

2

judgment or order may appeal.  Wolff v. Cash 4 Titles, 351 F.3d 1348, 1353-54 (11th Cir. 2003).  "[A] defendant ordinarily has standing to appeal any ruling on the plaintiff's cause of action that is adverse to the defendant's interests."  Knight v. State of Ala., 14 F.3d 1534, 1555 (11th Cir. 1994).

Although Santiago is correct that Evans did not claim a right to possession of the vessel below and does not claim a right to possession on appeal, Evans is aggrieved by the district court's order.  The district court's conclusion that the contract between Evans and Santiago was void as against public policy cuts off the chain of title from Santiago to Evans to HH & DD.  Evans has received $110,000 in payment from HH & DD for a vessel to which he could not convey good title.  Thus, Evans faces the adverse consequence of a potential action by HH & DD against him to recover the amount HH & DD paid for the vessel.  Evans also faces the prospect of being unable to defend against any such lawsuit because HH & DD could seek to preclude him from relitigating the contract issue based on the district court's order in this case.  Because the district court's ruling on Santiago's cause of action is adverse to Evans's interests, he has standing to pursue this appeal.

Next, we reject Evans's argument that the district court improperly exercised its admiralty jurisdiction over the case.  "When a complaint is drawn so as to seek recovery under the admiralty laws, the federal court, but for two possible exceptions, must entertain the suit."  Marine Coatings of Ala., Inc. v. United

3

States, 792 F.2d 1565, 1567 (11th Cir. 1986) (citing Bell v. Hood, 327 U.S. 678, 681 (1946)).  The two exceptions are: (1) where the alleged admiralty claim clearly appears to be immaterial and made solely for the purpose of jurisdiction or (2) where the admiralty claim is wholly insubstantial and frivolous.  Id.  If neither of the two listed exceptions are present, a dismissal of an admiralty claim must be on the merits of the case.  See id.

An in rem suit against a vessel is distinctively an admiralty proceeding within the exclusive province of the federal courts.  Odyssey Marine Exploration, Inc. v. Unidentified Shipwrecked Vessel, 657 F.3d 1159, 1171 (11th Cir. 2011).  In evaluating the merits of a claim for possession of a vessel under admiralty law, the district court has the power to evaluate a contractual defense to the possession claim and to maintain admiralty jurisdiction through a determination that no contract exists.  See William P. Brooks Constr. Co. v. Guthrie, 614 F.2d 509, 511 (5th Cir. 1980) (holding that a contractual defense set out in a cross-action did not deprive the district court of admiralty jurisdiction where the district court made an uncontested finding that no enforceable contract for the sale of a vessel existed).[1]

Here, Evans's claim that the district court lacked admiralty jurisdiction over Santiago's suit is without merit.  First, Santiago's amended complaint was clearly drawn so as to seek recovery under the admiralty laws.  It invoked the admiralty

---

[1]    In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), we adopted as binding precedent all Fifth Circuit decisions issued before October 1, 1981.

4

and maritime jurisdiction of the district court and was an <u>in rem</u> action seeking possession of the vessel.  Second, neither of the exceptions to the rule that a district court must entertain an admiralty suit are present here.  Although Evans argues that, by amending his complaint, Santiago attempted to evade a decision by the district court that it lacked jurisdiction, the record shows that Santiago's amendments simply allege that Santiago had legal title to the vessel and removed any reference to Evans surreptitiously obtaining title.  It is true that this amendment brought Santiago's suit more clearly under the court's admiralty jurisdiction, but the record does not reveal that Santiago's admiralty claim was immaterial and made solely for the purpose of jurisdiction or was wholly insubstantial and frivolous.  Santiago alleged admiralty jurisdiction and contested the existence of any sale or contract for sale of the vessel from his very first court filings.  Furthermore, there was no indication from the face of the complaint that Santiago's claim was wholly insubstantial and frivolous.  It was thus proper for the district court to exercise admiralty jurisdiction over Santiago's case.

Nor was it error for the district court to continue under its admiralty jurisdiction after concluding that a contract existed between Santiago and Evans. Because the "contract" was void as against public policy, it was not enforceable as a contract for the sale of the vessel.  Therefore, the district court was within its

5

power to address the merits of the admiralty case after examining the contractual defense offered by Evans.

We also find no merit in Evans's claim that the district court erred by declaring the contract for the sale of the vessel void for a violation of the Rules Regulating the Florida Bar.  Under the Rules Regulating the Florida Bar,

> a lawyer shall not enter into a business transaction with a client . . . unless . . . (1) the transaction and terms . . . are fully disclosed and transmitted in writing to the client in a manner that can be reasonably understood by the client; (2) the client is advised in writing of the desirability of seeking and is given a reasonable opportunity to seek the advice of independent legal counsel on the transaction; and (3) the client gives informed consent, in a writing signed by the client, to the essential terms of the transaction and the lawyer's role in the transaction.

R. Regulating Fla. Bar 4-1.8(a).  In Chandris, S.A. v. Yanakakis, 668 So.2d 180 (Fla. 1995), a case certified by us to the Florida Supreme Court, a contingent fee agreement that was entered into by a lawyer not authorized to practice law in the state of Florida was held to be void as against public policy as a violation of the Rules Regulating the Florida Bar.  Id. at 184-85.  In reaching that decision, the Florida Supreme Court quoted a previous decision amending the rules regarding contingent fees: "Contracts that do not comply with this regulation offend public policy and are antagonistic to the public interest."  Id. at 185 (quotation omitted).  Thus, under Florida law, a contract that contravenes an established interest of society can be found to be void as against public policy.  Id.; see also American Casualty Co. v. Coastal Caisson Drill Co., 542 So.2d 957, 958 (Fla. 1989).

Initially, Evans contends that the issue of whether the contract was void as against public policy was raised by the district court <u>sua sponte</u>.  He is incorrect. Santiago raised the argument that any contract that may have existed was void as against public policy in his pre-trial brief, asked questions regarding the formation of the contract at trial, and argued in his closing argument that, if the court found a contract, then the contract was void against public policy.

Substantively, it is clear that Evans violated the Rules Regulating the Florida Bar.  In his initial brief, Evans admits that it is undisputed that he loaned Santiago money in a family law case and that the sale of the vessel to Evans was designed to repay that debt.  The sale of the vessel represented a business transaction between a lawyer and a client, and Evans admitted at trial that he did not advise Santiago to seek another lawyer to review the terms of the deal.  <u>See</u> R. Regulating Fla. Bar 4-1.8(a).  However, neither of the parties, nor the district court, cites to a Florida case expressly concluding that business transactions between a lawyer and a client that violate the Rules Regulating the Florida Bar are void as against public policy.  The decision by the Florida Supreme Court in <u>Chandris</u> does indicate, however, that Florida law supports a conclusion that contracts between a lawyer and a client that violate the Rules Regulating the Florida bar are void as against public policy.  <u>See</u> <u>Chandris</u>, 668 So.2d at 184-85.  Furthermore, Florida law clearly contemplates that contracts that contravene an established interest of society -- such as the regulation

7

of the business relationships between lawyers and clients -- can be found void as against public policy.  See id. at 185; American Casualty Co., 542 So.2d at 958.  Therefore, it was not error for the district court to conclude that the contract between Evans and Santiago was void as against public policy, and therefore legally void and unenforceable.

Finally, we decline to consider Evans's argument that the district court erred by failing to dismiss Santiago's action because he perpetrated a fraud on the court by misrepresenting whether he had signed a Bill of Sale for the vessel between Evans and Santiago.  In a motion below, Evans raised the possibility that Santiago had perpetrated a fraud on the court by failing to disclose the full relationship between Santiago and the court-appointed custodians of the vessel and based on a failure to disclose existing contracts for a sale of the vessel.  Evans did not, however, argue below that Santiago had perpetrated a fraud on the court by misrepresenting whether he had signed the Bill of Sale between Evans and Santiago.  Accordingly, we do not consider this argument by Evans.  See Access Now, Inc. v. SW Airlines Co., 385 F.3d 1324, 1331 (11th Cir. 2004) (holding that we generally will not consider an issue not raised in the district court).

**AFFIRMED.**

8