[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 20-10716
Non-Argument Calendar
_____

D.C. Docket No. 1:19-cv-00323-AW-GRJ

ADAM P. MCNIECE,

                                                                            Plaintiff-Appellant,

versus

TOWN OF YANKEETOWN,
RALF BROOKES,
Attorney,
LEVY COUNTY,
STATE OF FLORIDA,

                                                                            Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(June 16, 2020)

Before WILLIAM PRYOR, Chief Judge, WILSON and ROSENBAUM, Circuit Judges.

PER CURIAM:

Adam McNiece appeals the *sua sponte* dismissal of his *pro se* second amended complaint against the State of Florida, Levy County, the Town of Yankeetown, its attorney, Ralf Brookes, and the "U.S. Federal Government/U.S. Attorney." *See* 42 U.S.C. § 1983. McNiece complained that the defendants violated his constitutional rights when enforcing property codes and moved to submit his future filings electronically. A magistrate judge denied McNiece's motion based on a local rule that limited *pro se* use of the electronic filing system, N.D. Fla. L.R. 5.4, and twice advised McNiece that his complaint was deficient and that a failure to amend would result in a dismissal. The district court determined that McNiece's complaint failed to state a claim and dismissed it for lack of subject-matter jurisdiction. We affirm the application of the local rule to McNiece. We vacate the order dismissing McNiece's complaint for lack of subject-matter jurisdiction and remand with instructions to dismiss with prejudice for failure to state a claim.

McNiece filed a complaint and a motion to use the electronic filing system. He alleged that the state and local governments failed to notify him what property codes he violated before imposing fines, filing liens on his property, and revoking building permits and that the entities summarily denied his appeals and petition for

relief from the enforcement measures. McNiece complained that the actions constituted an unlawful taking under the Fifth Amendment and an excessive fine under the Eighth Amendment, interfered with his right to petition for redress of grievances under the First Amendment, and violated his right to due process under the Fourteenth Amendment.

The magistrate judge determined that McNiece's complaint was "insufficient to establish a basis for the exercise of federal jurisdiction" because "[t]he promulgation and enforcement of property and building codes is generally a matter of state and local law" and he offered only a "barebones allegation that [he] has been denied a federal constitutional right . . . ." The magistrate judge stated that McNiece's complaint failed to state a claim under section 1983 because "[t]he Town of Yankeetown, Levy County, and the State of Florida are not properly named as defendants for purposes of liability under § 1983 on the facts alleged in the Complaint"; he failed to "identify [any] individual 'state actors' who allegedly violated his constitutional rights"; and his allegations failed to "establish that [Brookes] is a 'state actor' for purposes of liability under § 1983" or that he violated McNiece's constitutional rights. The magistrate judge "afford[ed] [McNiece] one opportunity to file an Amended Complaint that clearly establishes a basis for . . . his claims" on the form provided to *pro se* litigants. The magistrate judge also denied McNiece's motion "to utilize electronic filing at this stage of the

case" because local rule 5.4(A)(3) limited its use by *pro se* parties and he had "not present[ed] good cause" to be excepted from the rule.

McNiece filed a 177-page amended complaint that repeated the same allegations against the same defendants, and he filed a motion to reconsider his request to use the electronic filing system. The magistrate judge struck McNiece's amended complaint because he failed to use the form for *pro se* litigants and exceeded the page limitation without "present[ing] any good cause for doing so." The magistrate judge ordered McNiece to file a second amended complaint and denied McNiece's motion to reconsider because he had "not presented good cause for allowing electronic filing."

McNiece's second amended complaint was similar to his earlier pleadings. He repeated the same claims against the state and local governments and Brookes. But he added the "U.S. Federal Government/U.S. Attorney" as a defendant; a conclusory allegation that Levy County and Yankeetown violated his rights under the Fourth Amendment; and an allegation about *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), as a ground for federal jurisdiction.

The district court adopted the magistrate judge's recommendation to dismiss McNiece's second amended complaint for "fail[ure] to state a cognizable claim under either § 1983 or *Bivens*, and therefore . . . to establish a basis for the exercise

4

of federal subject matter jurisdiction." The district court ruled that the complaint failed to state a claim under section 1983 because the government entities were "not 'persons' who may properly be named as defendants"; McNiece made "no factual allegations suggest[ing] that Yankeetown or Levy County, as governmental entities, are liable . . . under any other theory of liability cognizable under § 1983, such as municipal liability"; McNiece alleged no facts to establish that Brookes was a "state actor" or had violated his constitutional rights; and "[o]n the facts alleged, [McNiece's] claims against the 'State of Florida' [were] barred by Eleventh Amendment immunity." The district court also ruled that "[t]he 'U.S. Federal Government/U.S. Attorney' are not properly named as defendants in a *Bivens* action, and there are no factual allegations suggesting that any federal official violated [McNiece's] constitutional rights."

One standard of review governs this appeal. We review the enforcement of local rules for abuse of discretion. *Mann v. Taser Int'l, Inc.*, 588 F.3d 1291, 1302 (11th Cir. 2009). We also review a *sua sponte* dismissal for abuse of discretion. *See Tazoe v. Airbus S.A.S.*, 631 F.3d 1321, 1335–36 (11th Cir. 2011). A district court abuses its discretion when it dismisses an action *sua sponte* without "provid[ing] the plaintiff with notice of its intent to dismiss or an opportunity to respond," *id.*, unless amendment "would be futile" or "the complaint is patently

5

frivolous." *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1248 (11th Cir. 2015).

McNiece argues that he would have benefited from using the electronic filing system, but we cannot say the district court abused its discretion by denying McNiece's request to do so. In the Northern District of Florida, "[a] document filed by a party pro se . . . may—and if so required by an administrative order or an order in a case must—be filed in hard copy . . . ." N.D. Fla. L.R. 5.4(A)(3). The magistrate judge twice told McNiece that Rule 5.4(A)(3) limited the right of *pro se* litigants to submit filings electronically and he "ha[d] not presented good cause" to qualify for an exception to the rule. McNiece does not argue that the magistrate judge's interpretation of Rule 5.4(A)(3) was unreasonable or that he should have excepted McNiece from the rule. And McNiece does not argue that having to file pleadings in hard copy thwarted his ability to litigate. He had access to the district court through the mail, and he received and responded to its orders to amend his complaint.

The district court erred by dismissing McNiece's second amended complaint for lack of subject-matter jurisdiction. "Jurisdiction . . . is not defeated . . . by the possibility that the averments might fail to state a cause of action on which petitioners could actually recover" because that determination "calls for a judgment on the merits and not for a dismissal for want of jurisdiction." *Bell v.*

*Hood*, 327 U.S. 678, 682 (1946). Federal courts have jurisdiction to entertain actions that concern a federal question, 28 U.S.C. § 1331, like McNiece's complaint, which sought relief under the Constitution, 42 U.S.C. § 1983, and based on unlawful conduct by a federal official, *Bivens*, 403 U.S. 388. When a complaint, like McNiece's, alleges a federal question, "dismissal generally must be for failure to state a claim, Fed. R. Civ. P. 12(b), not for want of jurisdiction." *Marine Coatings of Ala., Inc. v. United States*, 792 F.2d 1565, 1567 (11th Cir. 1986). The district court erred when it conflated McNiece's "fail[ure] to state a cognizable claim" with a "fail[ure] to establish a basis for the exercise of federal subject matter jurisdiction." The district court should have dismissed McNiece's complaint on the ground that it failed to state a claim for which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6).

Although it erred by conflating the merits with subject-matter jurisdiction, the district court was entitled to consider whether McNiece's complaint stated a claim against any of the defendants. For "[a] pleading . . . [to] state[] a claim for relief[,] it must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). That is, the "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A "claim has facial plausibility when the plaintiff pleads factual content that allows

7

the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

McNiece's second amended complaint failed to state a plausible claim. To state a claim under section 1983, a plaintiff must allege that a person, acting under color of state law, deprived him of a federal civil right. *Club Madonna, Inc. v. City of Miami Beach*, 924 F.3d 1370, 1378 (11th Cir. 2019). McNiece alleged that Levy County and Yankeetown tried him for "unknown and unspecified code violations," but he failed to allege that the alleged denial of due process was caused by a municipal policy or custom. *See Hoefling v. City of Miami*, 811 F.3d 1271, 1280 (11th Cir. 2016) ("The 'touchstone of [a] § 1983 action against a government body is an allegation that official policy is responsible for a deprivation of civil rights protected by the Constitution.'"). And McNiece's allegations that Brookes succeeded in avoiding discovery and in having McNiece's petition treated as a writ of certiorari instead of as "a redress for grievances" alleged no unlawful conduct by the attorney for Yankeetown. *See Club Madonna*, 924 F.3d at 1378. McNiece's complaint also failed to state a claim against the State of Florida, which is not a person under section 1983. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). McNiece also failed to allege that a federal official acted unlawfully. *See Bivens*, 403 U.S. at 396–97. And *Bivens* does not apply to a federal officer acting in an official capacity, like the United States Attorney, or to the United States,

which is immune from suit. *See Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 71–72 (2001).

We held in *Surtain v. Hamlin Terrace Foundation*, 789 F.3d 1239, that a district court may *sua sponte* dismiss a complaint for failure to state a claim so long as it provides notice of its intent to dismiss and an opportunity to respond. *Id.* at 1248–49; *see also Jefferson Fourteenth Assocs. v. Wometco de P.R., Inc.*, 695 F.2d 524, 527 (11th Cir. 1983) ("[C]ourts [can] exercise their inherent power to dismiss a suit that lacks merit only when the party who brought the case has been given notice and an opportunity to respond."). The magistrate judge notified McNiece of deficiencies in his original complaint and, after he filed an amended complaint containing more errors, gave him a third opportunity to amend before recommending that the district court dismiss the action.

We **AFFIRM** the denial of McNiece's request to use the electronic filing system. We **VACATE** the order dismissing the complaint for lack of subject-matter jurisdiction and **REMAND WITH INSTRUCTIONS** for the district court to dismiss for failure to state a claim.